## McWethy's Admx, et al. v. McCright.

(Decided January 31, 1911.)

### Appeal from Boone Circuit Court.

1.  Husband and Wife—Gifts of Personal Property—Writing Required—Acknowledged and Recorded.—Ky. St., Sec. 2128 provides: "A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons unless the same be in writing and acknowledged and recorded as chattel mortages are required by law to be acknowledged and recorded, but the recording of such writing shall not make valid any such gift, assignment or transfer which is fraudulent or voidable as to creditors or purchasers." Held, the object of the statute in requiring gifts or transfers of property between husband and wife to be in writing and acknowledged and recorded, is to compel the giving in that way of notice thereof to creditors and purchasers and also others that might have an interest in the property transferred.

2.  Oral Gifts—When Allowed—Third Persons.—There is nothing in the statute that prohibits the husband from making an oral gift of personal property to his wife, or the wife to the husband. It is only where third persons are concerned that the statute requires the gift to be made in writing and that it be acknowledged and recorded. A daughter of the donor, having only an expectancy in his estate, is not a third person in the meaning of the statute.

JOHN S. GAUNT, S. W. TOLIN and N. E. RIDDELL for appellants.

D. E. CASTLEMAN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

R. A. McWethy died in Boone county intestate, survived by his wife, Kate McWethy, and a daughter by a former marriage, Maude McCright. The intestate owned

at the time of his death real estate valued at $2,500 and personal property amounting in value to $15,000. The intestate's widow was appointed administratrix of the estate, and as such took charge of the personal property as was her duty.

This action was brought against the widow as administratrix, and in her own right, by Maude McCright, as heir at law of the decedent, for a settlement of the estate. It appears, however, from the averments of the petition, that the main purpose of the action was to compel the widow to account as administratrix for certain bonds of the alleged face value of $5,000, charged to have been wrongfully converted by her to her individual use; it being, in substance, alleged in the petition that the bonds in question constituted a considerable part of the personal estate left by the decedent and that the administratrix was claiming them in her own right as a pretended gift from the decedent made before his death.

The answer denied that the bonds amounted to or were of the value of $5,000; alleged that they were worth only their face value which was and is $3,000; that they became and are appellant's individual property by gift from the decedent made two years before his death; the gift being accompanied at the time by the delivery to her of the bonds, since and after which time they continued in her possession and as her property free from any claim of ownership by the decedent.

The circuit court sustained a demurrer to the answer as amended, and from the judgment manifesting that ruling the widow has appealed.

Though not so stated in the judgment, it is conceded in argument that the demurrer was sustained upon the ground that the alleged gift of the bonds to the appellant by the decedent was invalid because not evidenced by a writing acknowledged and recorded as provided by section 2128, Kentucky Statutes, which declares:

"* * * A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons unless the same be in writing, and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded; but the recording of such writing shall not make valid any such gift, assignment or transfer which is fraudulent or voidable as to creditors or purchasers."

It is argued by counsel for appellee that as she is the daughter and heir at law of the decedent she is a "third person" in the meaning of the statute, consequently the

parol gift of the bonds by the decedent to appellant was and is void as to her. While in a sense the words "third persons" will include all persons who are not parties to the contract or transaction; these words as used in the statute do not refer to or include a person, not a party to the transaction, who has no interest in the property given or conveyed, or does not sustain to the donor the relation of creditor or to the property that of an innocent purchaser, for persons without such interest or relationship could have no ground of complaint. Obviously, the words "third persons" include creditors and purchasers, for such transfers of property between husband and wife to be valid against them must be in writing, acknowledged and recorded; and even when evidenced by a writing duly acknowledged and recorded, they may be attacked by creditors or purchasers on the ground of fraud. The object of the statute, therefore, in requiring gifts or transfers of property between husband and wife to be in writing, acknowledged and recorded, is to compel the giving, in that way, of notice thereof to creditors and purchasers and also others that might have an interest in the property transferred.

In our opinion appellee is not in the meaning of the statute a "third person" having the right to complain of the gift of the bonds to appellant by the decedent. She had no interest in the bonds that could be affected by the gift; a child has no interest in property of the parent while the latter is living; and this court has frequently held that the child cannot encumber, sell or otherwise dispose of a mere expectancy in the estate of the parent. If the decedent had given the bonds to a stranger or by will bequeathed them to appellant, appellee would have had no ground of complaint, unless the gift or will could have been attacked on the ground that the donor or devisor did not have the mental capacity to make such gift or will, or was unduly influenced to do so.

If the gift to appellant of the bonds in question had been evidenced by a writing from the donor, duly signed, acknowledged and recorded, appellee would not have been in any way affected thereby. Notice to her of the gift was unnecessary; having no interest as heir at law of the donor in the bonds given appellant and no right to complain of the gift, she was not a third person to whom the statute required that the notice, furnished by the recorded transfer of the bonds, be given; nor could she as heir at law of the donor have brought suit to cancel the writing or annul the gift. But a creditor for

whom the notice is required and who would be prejudicially affected by the gift, can act upon it by refusing the donor further credit or taking the legal steps necessary to subject the property to his debt.

The heirship of appellee closes the door to the relief she asks, for in resting her right upon that ground she must claim through her father, the donor of the bonds, and standing in his shoes she can no more attack the validity of his gift of them to appellant, because not made by a writing of record, than could the father himself have done before his death. If, as alleged in the answer and admitted by the demurrer, the gift of the bonds was made by him to appellant two years before his death and her possession and ownership were recognized by him during these two years, there can be no doubt of the genuineness of the gift, or the good faith of the giver.

No creditor of the decedent is complaining of the gift of the bonds to his wife, and the solvency of his estate is admitted by the pleadings; so, the only question presented for our consideration is, was the gift of the bonds, though made by word of mouth and contemporaneous delivery, valid as between husband and wife? If so, the heir at law of the donor will not be allowed to attack the transaction.

There is nothing in the statute, supra, that prohibits the husband from making an oral or parol gift of personal property to his wife, or the wife to the husband; it is only when third persons are concerned that the statute requires that the gift be made in writing and that such writing be acknowledged by the donor and recorded. If there are no third persons to be affected by such gift or transfer of the property, the transaction, as between the husband and wife, will be as binding as if reduced to writing, acknowledged and recorded.

The question was before us in the case of Long v. Beard, 20 R., 1036. The action was brought by the administrator of the deceased wife to settle her estate. A few months prior to the death of the wife and after the present statute with respect to the property rights of husband and wife became operative, she verbally gave and delivered to her husband, a note of $605 she held upon a debtor and caused two other persons who were owing her, one of them $100 and the other $95, to execute notes for same payable to her husband, and these notes she also gave and delivered to the husband. The mother and heir at law of the

decedent, who with the husband of the decedent, was made a party to the action, by answer attacked the validity of the gift of the notes made the husband by the deceased wife, and the husband asserted claim to the notes by virtue of the gift to him. Upon the facts presented by the record we held, Judge Burnam writing the opinion, that the gift of the notes by the wife to the husband was valid; there being no fraud or undue influence on the part of the husband in the transaction. In this connection we said:

"There can be no doubt that a wife may make a valid gift to her husband of her personal property; but courts of equity examine every such transaction with great caution and with apprehension of some undue influence, but unless such influence is evinced, the gift will be upheld."

In Buckel, By, et al. v. Smith's Admr, 26 R., 491, there was a controversy between the husband of a deceased wife and the latter's heirs at law, over a check of $500, upon which he collected the money a few days before the wife's death. He claimed that the check was a gift from his wife; the heirs at law insisted that it was a loan. In view of the meagerness of the evidence introduced in support of the gift asserted by the husband the judgment was reversed with directions to dismiss the action; but in the opinion the views expressed in Long v. Beard, supra, were approved, and this additional conclusion stated:

"But it must be borne in mind that the fact of the gift must be established first. Whether it is a voluntary act of the giver is the feature which the court scrutinizes suspiciously. While the act of March 15, 1894, commonly called the Weissinger Act, enlarges the married women's property rights so as to place married and single women on the same footing, in many respects, it does not and cannot change the relation of confidence existing between husband and wife. Trust and affection and unity of interest continue to afford exceptional opportunities for one to have great influence over the other. The very nature of the relation is one of extreme mutual confidence. Its privacy from others and its intimacy between the parties give to the survivor upon the death of the other an opportunity to claim benefits from the relation, as regards property belonging to the deceased spouse, never contemplated by the parties, and not justified in many instances by the facts. To place the onus

upon the heir at law of the deceased, to prove that the possession of the survivor was not a gift, where a gift may be made by word of mouth, and manual delivery, would be frequently impossible, and nearly always so, The safer rule is to require the one claiming the gift to establish that fact by satisfactory and competent evidence. In this no hardship can be worked, because it is easy and simple always to make plain the fact of the gift while both parties are alive and present at the transaction.''

It will be found from a careful examination of the opinions in these two cases that they recognize the validity, as between husband and wife, of a gift of personal property from one to the other by word of mouth and manual delivery, notwithstanding the provision of the statute which requires that in order to make such a gift valid as to third persons it must be in writing, duly acknowledged and recorded.

The opinion in the case of Noel v. Fitzpatrick, 124 Ky., 787, although based upon a somewhat different state of facts, sustains in large measure the conclusions herein expressed.

We have carefully read the opinions in Eberhard v. Wahl, 124 Ky., 233; Jones v. Louisville Tobacco Warehouse Co., 121 S. W., 633, and other cases, relied on by counsel for appellee, but do not find that they conflict with those of the cases to which we have referred. In each of them the rights of creditors of the husband were involved; therefore, it was properly held therein that the dealings between the husband and wife, constituting transfers of property to the wife without the writing of record required by the statute, were void as to the husband's creditors.

Being of opinion that the circuit court erred in sustaining the demurrer to the answer, the judgment is reversed and cause remanded, with directions to overrule the demurrer and for further proceedings consistent with the opinion.