.STATE OF MAINE *vs.* PAIGE TOURING CAR.

Somerset.    Opinion November 16, 1921.

*The rights of an innocent mortgagee, and also of an innocent vendor under an agree-*
*ment duly recorded, that title shall not pass until the purchase price is paid in*
*full, in an automobile seized while in the possession of the purchaser, and*
*being used for illegal transportation of intoxicating liquors in violation*
*of the provisions of Chapter 294, Public Laws, 1917, prior to*
*amendment of Chapter 63, Public Laws, 1921, are not effected*
*by such seizure.   The rights in such automobile of the*
*offending party in all cases are liable to forfeiture*
*and sale under said Chapter 294, Public Laws,*
*1917, prior to said amendment.   The*
*interpretation of said Act as*
*amended not determined.*

An automobile bought under an agreement duly recorded whereby a certain sum
was paid in cash, the balance of the purchase price to be paid in monthly pay-
ments stipulated in the agreement to be regarded as rental, and title not to
pass until purchase price was fully paid, was seized while in the possession of
the purchaser and being used for the illegal transportation of intoxicating
liquors and claimed by the vendor,

*Held:*

That Chapter 294, Public Laws, 1917, prior to amendment of Chapter 63,
Public Laws, 1921, does not contemplate the absolute forfeiture of the offend-
ing vehicle as a thing outside the protection of the law regardless of the
knowledge or consent of the owner, but on the contrary expressly provides
for the determination of the rights of the innocent claimant;

It is not within the contemplation of this Act, however, that the proof of a claim
however small of a person without knowledge of the illegal use will rescue the
interests of the guilty party therein from the operation of the law;

It matters not whether the rights of the offending party were those of a mortgagor,
or a purchaser under a conditional sale, lease, or what is termed in this state a
Holmes note.   Such as they were, they were liable to forfeiture and sale under
this Act subject to the rights of the innocent claimant provided he established
his claim in court;

Owing to the manner in which this case is brought before this court, not only must the rights of the claimant be determined, but the rights of the purchaser under the agreement must be disposed of according to the views expressed in the opinion;

The court expresses no opinion as to the interpretation of the Act as amended by Chapter 63, Public Laws, 1921.

On an agreed statement. A proceeding for the condemnation of an automobile under Chapter 294, Public Laws, 1917. On August 7, 1920, the Jesse E. Knight Automobile Company, claimant in this case, agreed to sell to one Narcisse Drouin the automobile in question for $1,800, of which amount $300 was paid in cash, and the balance in notes maturing on various dates, with a condition that upon payment of said notes as rental, the rent should cease, and the automobile to become the property of the purchaser, all of which was incorporated in a so-called lease or conditional sale duly recorded. On September 8, 1920, the automobile was seized for a violation of Chapter 294, Public Laws, 1917, and duly libelled, and claimant filed in the Western Somerset Municipal Court, where the proceedings were pending, its claim for said automobile as owner and proved that the use of said automobile for the illegal transportation of intoxicating liquors was without its knowledge or consent. The Judge of the Municipal Court denied the claim of the petitioner and declared the automobile forfeited, from which finding claimant appealed to the Supreme Judicial Court. Upon an agreed statement of facts the cause was submitted to the Law Court. Rights of purchaser forfeited subject to claim of petitioner.

The case is fully stated in the opinion.

*James H. Thorne, County Attorney*, for the State.

*George W. Gower*, for claimant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J. August 7th, 1920, the Jesse E. Knight Automobile Co. and Narcisse Drouin entered into written agreement of sale of an automobile, under which agreement Drouin was to pay the Automobile Company the sum of three hundred dollars in cash and

thereafter monthly the sum of seventy-five dollars for a period of eleven months and a final payment at the end of one year of six hundred and seventy-five dollars. All the future payments were evidenced by the promissory notes of Drouin payable in accordance with the agreement, and by the terms of the agreement were to be treated as rental; and upon their payment all rental for the use of the automobile by Drouin was to cease and the automobile was then to become his property. The agreement of sale was duly recorded and the automobile delivered to Drouin.

On September 8th, 1920, the automobile while being used by Drouin for the unlawful transportation of intoxicating liquors was seized upon a warrant issued out of the Western Somerset Municipal Court under Chapter 294, Public Laws, 1917. It was thereupon duly libelled and the Jesse E. Knight Automobile Co. appeared in due course and filed its claim under the above described agreement of sale.

The Judge of the Municipal Court denied the claim of the Automobile Company and ordered the automobile forfeited to the County, from which decision an appeal was taken by the claimant to the Supreme Judicial Court, from which court the case is now presented to this court on an agreed statement of facts, which admits on the part of the claimant that the automobile was at the time of the seizure being used in the unlawful transportation of intoxicating liquors, and on the part of the State that such use of the automobile was without the knowledge or consent of the claimant.

The facts set forth in the agreed statement raise the issue for the first time before this court as to the meaning and effect of the Act of 1917, Chapter 294, authorizing the forfeiture of vehicles of all kinds, excepting common carriers, engaged in the transportation of intoxicating liquors intended for illegal sale prior to its amendment by Chapter 63, Public Laws, 1921. Did the Legislature of this State intend by the original Act of 1917 to authorize the absolute forfeiture of the offending vehicle, as a thing outside the protection of the law by reason of its unlawful use, regardless of the knowledge or consent of the owner, as in the case of vehicles and teams used in violating the Federal Revenue Acts, or of automobiles under the Federal Act of March 2nd, 1917, for the Suppression of the Traffic in Intoxicating Liquors among Indians, *United States* v. *Mincey*, 254 Fed., 287; *Commercial Investment Trust* v. *U. S.*, 261 Fed., 330; *White*

*Automobile Co.* v. *Collins,* 136 Ark., 81; or did the Legislature intend to protect innocent parties to the extent of their right in such vehicles, as under the Federal Act originally prohibiting the introduction of liquors into "Indian Country," Comp. St., 1916, Sec. 4141, and the statutes of Alabama, Georgia, North Carolina and other States authorizing the forfeiture of vehicles when used in the illegal transportation of intoxicating liquors? *Shawnee Nat. Bank* v. *United States,* 249 Fed. Rep., 583; *Maples et al.* v. *State,* 82 So., 183, (Ala., 1919); *Seignious* v. *Limehouse,* 93 S. E., Rep. 193, (S. Car., 1917); *White* v. *State,* 98 S. E., Rep., 171 (Ga., 1919); *Spencer et al.* v. *Thomas,* 87 S. E. Rep., 976, (N. C., 1916); *One Hudson Super Six Automobile, etc.* v. *State,* 187 Pac., Rep., 806, (Okl., 1920).

Clearly the latter. While the first part of the Act is in as general and absolute terms as either of the Federal Acts first referred to or the Arkansas statute, it expressly provides for the rights of any claimant being determined upon its being shown that such use was without his knowledge and consent.

Obviously the effect of such statutes must be either to forfeit the vehicle as an offending thing, without protection of the law, regardless of the want of knowledge of its unlawful use by its owner, or they must be construed as authorizing the forfeiture of only such rights as the person unlawfully using or consenting to its unlawful use may have in it, and exempting from forfeiture the interest of the innocent claimant.

It would also render such a statute practically impotent to give it a construction under which a claimant, however small, having established his lack of knowledge of or consent to the unlawful use, could by the proof of his claim rescue also the interests of the guilty therein from the operation of the law. Otherwise, an automobile worth several thousand dollars might be put to such unlawful use without fear of forfeiture by the owner placing a mortgage thereon to secure some small indebtedness, or in case of purchase for use in such unlawful traffic under a lease or conditional sale agreement, by paying all but a small amount, obtain protection against forfeiture under this Act so long as the seller could prove his want of knowledge of the unlawful use of such vehicle. We cannot presume that the Legislature by throwing a shield of protection around the rights of the innocent party intended that it might also be used to protect

the rights of the guilty from forfeiture.   While it is clear that the Legislature intended to protect the rights of innocent parties, it is equally clear that the real purpose of this Act was to subject the property of the guilty to forfeiture.

And it matters not, we think, whether the rights of the offending party were those of a mortgagor, or a purchaser under a conditional sale, lease or what is in this State termed a Holmes note.   Such as they were, they were liable to forfeiture and sale under this Act, subject, of course, to rights of the innocent claimant provided he establishes his claim in court; the purchaser in case of sale acquiring the same rights under any contract, mortgage or lease, as the person whose interest was forfeited had therein.   In case no claimant appears, the interest of the person unlawfully using such vehicle, must under the Act be presumed to be absolute.

The statutes of other States while differing somewhat in terms from that of the Act under consideration, have in many instances been so construed.   *U. S.* v. *One Automobile,* 237 Fed., 891; *Bowling* v. *State,* 85 So. Rep., 500 (Ala., 1920); *One Packard Automobile, (Denegre Car and Truck Co., claimant)* v. *State,* 84 So. Rep., 297, (Ala., 1919); *Spencer* v. *Thomas,* supra; *State* v. *One Lexington Automobile,* 84 So. Rep., 297, (Ala., 1919); *One Hudson Super Six Automobile, etc.* v. *State,* supra; *White* v. *State,* supra; *Seignious* v. *Limehouse,* supra.

In *Bowling* v. *State* and *Seignious* v. *Limehouse* the right of a mortgagor was forfeited and ordered sold subject to the mortgage, while in the case of *One Packard Car, Denegre Car and Truck Co., claimant* v. *State,* there was a conditional sale contract under which the claimant asked to intervene.   The court allowed its contention and remanded the case back to be determined by the ruling in *Bowling* v. *State* in which case, as stated above, the rights of the mortgagor were forfeited and sold subject to the rights of an innocent mortgagee. Also see *U. S.* v. *One Automobile,* supra.

Under such construction the rights of innocent parties are fully protected and the rights of the guilty are forfeited, which we think accords with the legislative intent under Chapter 294, Public Laws, 1917.   The court, however, expresses no opinion as to the effect of the amendment of 1921, Public Laws, Chapter 63.

Owing to the manner in which the case is brought before this court not only must the rights of the claimant be determined, but

the rights of Drouin must also be disposed of according to the views herein expressed.

Entry will therefore be:

> *Rights of Narcisse Drouin in said Paige Touring Car on September 8th, 1920, under the lease or agreement of sale with Jesse L. Knight Automobile Co. forfeited to the County of Somerset to be sold in accordance with the provisions of Chapter 294, Public Laws, 1917; subject, however, to the claim of the Jesse E. Knight Automobile Co., under said agreement of sale.*