### UNITED STATES v. TORRES.

(District Court, D. Maryland. July 24, 1923.)

1. **Intoxicating liquors ☞251—Sales ☞472(2)—Innocent petitioner, claiming under unrecorded conditional sale, entitled to lien on truck; "third person."**

   After defendant's conviction under National Prohibition Act, tit. 2, § 3, of transporting liquor, conditional seller of the automobile used in transporting appeared, as authorized by section 26, to show cause why the automobile should not be sold, and proved an unrecorded conditional sale contract, that the amount of the unpaid principal price equaled the value of the truck, and that he had no knowledge that the truck was to be used for an illegal purpose, held, that the United States was not a "third person," within 4 Code Pub. Gen. Laws Md. art. 21, § 53b, providing that an unrecorded conditional sale contract shall be void as to third persons, as the statute refers only to such third persons as have relied to their prejudice on vendee's apparent unqualified ownership; hence the truck will be delivered to conditional seller on payment of costs.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Third Person.]

2. **Criminal law ☞202(3)—Conviction of transporting liquor under National Prohibition Act bars proceeding for forfeiture of automobile under another statute.**

   After defendant had been convicted under the National Prohibition Act of transporting liquor, and petitioner, under section 26, had showed cause why the transporting automobile should not be sold, though no order of sale had been made, the government cannot proceed under Rev. St. § 3450 (Comp. St. § 6352), under which the vehicle used to transport goods with intent to defraud the United States of a tax is forfeited, irrespective of innocent lienors, in view of supplemental Act Nov. 23, 1921, c. 134, § 5, providing that, if an act is a violation of the National Prohibition Act and of another federal law, a conviction under one will bar a prosecution under the other.

Benny Torres was convicted of transporting intoxicating liquor, and the Commercial Credit Company filed a petition, claiming the transporting automobile truck. Truck ordered to be delivered to petitioner.

Sylvan H. Lauchheimer and Malcolm H. Lauchheimer, both of Baltimore, Md., for petitioners.

Amos W. W. Woodcock, U. S. Atty., of Baltimore, Md.

SOPER, District Judge. An information was filed against the defendant on January 30, 1923, under title 2, § 3, of the Act of October 28, 1919 (National Prohibition Act [41 Stat. 305]), charging, in the first count, that the defendant on November 27, 1922, did unlawfully have in his possession certain intoxicating liquor, and in the second count that the defendant did unlawfully transport said liquor. The defendant pleaded guilty on February 2, 1923. The court imposed a fine of $75 and costs, and at the same time indicated that it would order a sale of the automobile truck, which had been used by the defendant in the unlawful transportation, and had been seized in the act by the prohibition officials, and was still in their custody.

The defendant purchased the automobile truck in question from the West End Service Station, Inc., and received delivery thereof under a conditional contract of sale dated September 28, 1922, giving his promissory note to the vendor for $450, payable in monthly installments of $37.50, with the provision therein that, upon the failure to pay any one installment, the entire balance would become due and payable. Under the terms of the sale agreement, title to the automobile remained in the vendor. After the sale and delivery of the truck, and the receipt of the note and conditional sale agreement, the vendor assigned the agreement, and indorsed the note to the Commercial Credit Company, which paid the sum of $450 as consideration for the assignment and transfer.

On February 26, 1923, the Commercial Credit Company filed a petition in the case, setting out the above facts, and charging that the defendant had failed to make the payments specified in the note, and that $412.50 was then overdue thereon, and that the petitioner had no knowledge that the truck was being used or was to be used for the illegal transportation of intoxicating liquor. The petition prays that the Prohibition Director allow the petitioner the amount of its lien out of the proceeds of sale, after paying the costs, or turn over to the petitioner the truck upon payment by it of costs.

The United States filed an answer to the petition, and the parties have filed a stipulation, admitting, in effect, the allegations of fact, but denying that the petitioner is entitled to any lien upon the truck, or to possession thereof, because the contract of conditional sale was not recorded as required by the laws of the state of Maryland.

The National Prohibition Act (section 26, title 2) provides as follows:

"The court, upon conviction of the person so arrested, * * * unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized [in the act of unlawful transportation], and the officer making the sale, after deducting the expenses of keeping the property, * * * shall pay all liens, according to their priorities, which are established * * * as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor."

The petitioner claims that it is entitled to have its lien paid out of the proceeds of the sale of the truck, or that it is entitled to have the truck delivered to it, since the amount of the lien is equal to the value of the truck, or of any sum which it is likely to bring at public sale.

[1] The first question to be determined, therefore, is whether the petitioner has a lien upon the automobile truck under the Maryland law. Prior to the Act of the General Assembly of Maryland of 1916, chapter 355, hereinafter referred to, it had been uniformly held by the Court of Appeals of Maryland that contracts of sale, wherein the vendor reserved title to the property until the contract price was paid, were valid between the vendor and vendee, and as to all persons claiming under the latter, with notice of the contract, but that they were not binding as to bona fide purchasers who acquired the property without notice of the vendor's claim.

In 1914 two cases were decided by the Court of Appeals of Maryland, wherein the effect of unrecorded contracts of conditional sale was determined. In Praeger v. Emerson-Brantingham Implement Co., 122 Md. 303, 89 Atl. 501, Ann. Cas. 1916A, 1255, a contract of conditional sale, which was not recorded, was upheld against the receiver of the vendee, although the receiver represented subsequent as well as antecedent creditors of the vendee, who had no knowledge of the conditional sale contract; and in the case of Dinsmore v. Maag-Wahmann Co., 122 Md. 177, 89 Atl. 399, Ann. Cas. 1916A, 1270, such a contract, not recorded, was held to be valid as against an attaching creditor, since the latter's rights were only those of the conditional vendee. The effect of these decisions was that a bona fide purchaser for value alone was protected when he acquired title from a conditional vendee under an unrecorded contract, but other third persons were not protected.

Under these circumstances, Acts 1916, c. 355, codified as article 21, § 53b of the Maryland Code, was passed. Its manifest purpose was to protect, not only bona fide purchasers for value, but also other third persons, without notice of the unrecorded contract. It provides substantially as follows:

"Every * * * contract for the sale of * * * chattels, wherein the title thereto, or a lien thereon, is reserved until the same be paid in whole or in part, * * * and possession is to be delivered to the vendee, shall, in respect to such reservation and condition, be void as to third persons without notice until such * * * contract be in writing, signed by the vendee, and be recorded in the clerk's office * * * where bills of sale are now recorded."

This amending act was construed by the Maryland Court of Appeals in the case of Thos. Roberts & Co. v. William E. Robinson et al., 141 Md. 37, 118 Atl. 198, decided on March 23, 1922. This was an action of replevin by commission merchants to recover possession of certain canned goods. The commission merchants, in accordance with an unrecorded contract, had furnished the canner (Keel), cans, and money for the purposes of his packing business, the title to all cans to remain in the commission merchants until the purchase price was paid. The canner filled the cans with sweet potatoes, shipped the

canned goods to a warehouse, transferred the bills of lading for value to the defendant, and absconded, owing the plaintiffs a large sum of money. The canner was adjudicated bankrupt, and the replevin was resisted by the trustee in bankruptcy on the ground that the contract was unrecorded, and that creditors who trusted him, in ignorance of the plaintiffs' reservations of interest, were third persons, without notice, for whose protection the act of 1916 was passed. The court held as follows:

"As between the immediate parties the contract is valid, but as to third persons without notice it is declared to be void until placed upon the public records in the manner prescribed. The creditors who trusted Keel, in ignorance of the plaintiffs' secret reservations of interest in the property which they committed to his apparent ownership, were undoubtedly included among the 'third persons without notice' for whose protection the act was passed. If it had been intended to protect only purchasers and lienors, that purpose would have been expressed. The general terms employed indicate that the statute was designed to safeguard the interests of all persons, acting without notice of the unrecorded contract, who would be injuriously affected if it were permitted to be enforced."

It is contended in the case at bar that the United States, having seized the automobile truck of the defendant, Torres, without notice of the unrecorded claim or lien of the Commercial Credit Company, was a third person, without notice, within the meaning of the act of Maryland of 1916, and that therefore the lien of the Commercial Credit Company as to the United States is void. It is of course true that the United States is included within the literal meaning of the term of "third persons without notice," but it does not follow that the United States is such a third person as was contemplated by the Maryland act of 1916, as that act has been interpreted by the Court of Appeals of Maryland. It is manifest that the general purpose of the act of 1916 was the protection of creditors and other persons who might deal with a vendee under an unrecorded conditional sale contract, upon the assumption that the vendee was the owner of the property, free from the lien or claim of any one else. The cases in 122 Md., cited above, had demonstrated to the public and to the Legislature that the Maryland law afforded protection only to a bona fide purchaser, and in order to extend the protection of the law to other persons who might be deceived by the apparent absolute ownership of the vendee the act of 1916 was passed. As was said by the court in Roberts & Co. v. William E. Robinson et al., supra:

"The statute was designed to safeguard the interests of all persons, acting without notice of the unrecorded contract, who would be injuriously affected if it were permitted to be enforced."

It is fair to assume that the court had in mind such persons as would be injuriously affected because of some act which they had done, or omitted to do, relying upon the apparent unqualified ownership of the title by the vendee. Nothing of this sort applies to the United States in the case in question. Its position has not been in any way changed or influenced by the fact that the contract of sale was not recorded, or that the United States had no notice thereof. It has not done or omitted to do anything by reason of the fact that it had no notice of

the contract. If the contract had been recorded, the property would have been seized in precisely the same manner, and the lien would have been recognized if the lienor was without notice that the automobile was being used or was to be used for the illegal transportation of liquor. It follows that the words "third person" in the Maryland act of 1916, do not cover the United States under the facts of this case.

The government contends, however, that there can be no lien in this case in favor of the petitioner under its unrecorded contract, for the reason that such a contract affords no lien as against general creditors; that the title of the government to the seized property is superior to that of general creditors, and must therefore be superior to the lien of the petitioner. This argument cannot prevail. The rights of general creditors are conferred by the Maryland statute. The rights of the United States are defined by the Prohibition Act, which gives to bona fide lienors under the Maryland law priority over the United States. The petitioners in this case are bona fide lienors under the Maryland law, so far as the United States is concerned, but are not so as to general creditors. It is therefore obligatory upon the United States, under section 26 of the Prohibition Act, to respect the lien of the petitioners. It is conceded that, if the contract of sale had been recorded, the lien of the vendor would have been valid; yet even in such case the right of the government to make sale of the car would have been superior to claims of general creditors, and it could have been sold if the lienor had failed to assert its claim.

The conclusions reached are supported by cases holding that such words as "third persons" are not broad enough to cover all persons, except those involved in the transaction under consideration. Thus in the case of Groce v. Phœnix Ins. Co., 94 Miss. 201, 48 South. 298, 22 L. R. A. (N. S.) 732, an act of the Legislature was construed which provided that the conveyance of lands between husband and wife should not be valid against any third person, unless in writing and duly acknowledged and recorded. It was held that an unrecorded deed from a wife to her husband was valid, and invested the husband with title within the meaning of an unconditional and sole ownership clause of an insurance policy; the insurer not being a third party within the meaning of the act. See, also, McWethy, Adm'x, v. McCright, 141 Ky. 816, 133 S. W. 1001.

There are a number of cases, in which state prohibition laws have been construed, which throw some light on the controversy under discussion. In these cases the registration laws of the several states are considered, and it is generally held that, where the statute provides for a forfeiture by the state of the right, title, and interest of a person in charge of an automobile used in the illegal transportation of intoxicating liquors, it does not authorize the forfeiture of the interest of persons holding unrecorded liens. Registration statutes, intended primarily to protect creditors and purchasers, are held not to have any application, since the state is not a creditor of or purchaser from the user of the automobile. South Georgia Motor Co. v. Jackson, 184 N. C. 328, 114 S. E. 478; State v. Crosswhite, 203 Ala. 586, 84 South.

813; State v. Hall, 91 W. Va. 648, 114 S. E. 250; State v. Paige Touring Car, 120 Me. 496, 115 Atl. 275; State v. Buick Automobile (Me.) 119 Atl. 667.

[2] In the case at bar, no order of court directing the sale of the automobile has been passed. The lienor, who is in fact the owner, has undertaken by petition, as provided in section 26, to show cause to the contrary. The United States contends that, until an order for sale is passed, it may proceed for forfeiture, at its option, either under section 26 of the National Prohibition Act or under section 3450 of the Revised Statutes (Comp. St. § 6352), and that, if it be held that the lien of the petitioner is good under the former section, the government may nevertheless proceed under the latter section, which makes no provision for the rights of lienors. Section 3450 provides in effect:

"Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed * * * are removed * * * with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, * * * shall be forfeited; and in every such case * * * every * * * cart, carriage, or other conveyance * * * used in the removal * * * shall be forfeited."

The petitioner contends that section 3450 has been repealed by the National Prohibition Act. But it seems to be decided otherwise by the case of U. S. v. Stafoff, 43 Sup. Ct. 197, 67 L. Ed. ——, interpreting section 5 of the act supplemental to the National Prohibition Act of November 23, 1921 (42 Stat. 222, c. 134). Section 5 provides:

"All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this act; but if any act is a violation of any of such laws and also of the National Prohibition Act or of this act, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other."

Under R. S. § 3450, an offending vehicle is forfeitable, irrespective of liens and the innocence of lienors. Grant Co. v. U. S., 254 U. S. 511, 41 Sup. Ct. 189, 65 L. Ed. 376. May the United States proceed to condemn the automobile in this case under section 3450, with the result that the lienor's petition must be dismissed? I think not. Section 5 of the supplemental act specifically provides that:

"If any act is a violation of any of such laws and also of the National Prohibition Act, * * * a conviction for such act or offense under one shall be a bar to prosecution therefor under the other."

It may be conceded that the prosecution of Torres for unlawful transportation is distinct from a proceeding in rem to sell or forfeit an automobile used by him, and that, under proper circumstances, an offending person may be prosecuted under the National Prohibition Act, whilst the offending vehicle may be proceeded against under the prior law. But under the provisions of section 5 of the supplemental act neither the person nor the vehicle can be prosecuted under both laws. The United States must elect, and in this case the election has already been made, to proceed under section 26 of the National Pro-

hibition Act. As therein provided for, an officer of the law has discovered a person (Torres) in the act of unlawful transportation of intoxicating liquors in an automobile. The officer has seized the liquors, and has taken possession of the automobile, and arrested the person in charge thereof. The officer has proceeded against the person arrested under the provisions of the National Prohibition Act in this court, and a conviction has been made. It thereupon became the duty of the court to order a sale of the automobile, unless good cause to the contrary should be shown by the owner, and such good cause has been shown by the petition of the owner, and the proven facts.

The person and the vehicle were convicted at one and the same time under section 26. The plea of guilty of Torres established the guilt of the car. In other words, there has already been, as respects the automobile, a conviction for the offense under the National Prohibition Act, and such conviction is a bar to prosecution under R. S. § 3450. It was open to the United States at the outset to proceed under R. S. § 3450, not only against the automobile, but also against the personal offender, since that section also prescribes a fine or penalty for any person shipping goods or commodities with intent to defraud the United States. Having elected to proceed under section 26 of the National Prohibition Act, and having obtained a conviction of both person and vehicle thereunder, the United States can take no further action against either.

The following cases discuss the forfeiture provisions of section 26 of the National Prohibition Act and R. S. § 3450: U. S. v. One Cadillac Touring Car (D. C.) 274 Fed. 471; U. S. v. One Buick Roadster (D. C.) 276 Fed. 407; U. S. v. Sylvester (D. C.) 273 Fed. 253; U. S. v. One Stephens Automobile (D. C.) 272 Fed. 188; U. S. v. Slusser (D. C.) 270 Fed. 818; U. S. v. Hydes (D. C.) 267 Fed. 470; U. S. v. Masters (D. C.) 264 Fed. 250; Reo Atlanta Co. v. Stern (D. C.) 279 Fed. 422; U. S. v. One Essex Automobile (D. C.) 276 Fed. 28. Since it is conceded that the value of the car does not exceed the amount of the lien and the expenses of sale, good cause has been shown by the owner of the car why a sale at public auction should not take place. The order of the court will therefore direct the delivery of the car to the lienor, upon the payment of costs already incurred, rather than a sale thereof. See U. S. v. Sylvester (D. C.) 273 Fed. 257.