## THE SPRAY.

(District Court, D. Rhode Island.    June 24, 1925.)

No. 1563.

1. Intoxicating liquors ⊜ 246—Vessel used in transporting liquor without knowledge or consent of owner not subject to forfeiture.

A vessel, hired by the owner to another and seized under Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), while being used by him for the illegal transportation of liquor, is not subject to forfeiture, if such use was without the knowledge, consent, or connivance of the owner.

2. Customs duties ⊜ 133—Intoxicating liquors ⊜ 244—Vessel cannot be proceeded against under both customs and prohibition law.

Under Prohibition Act, as amended by Act Nov. 23, 1921, § 5 (Comp. St. Ann. Supp. 1923, § 10138⅘c), a proceeding against a vessel for illegal transportation under that act is an election, which bars a proceeding for the same act under the customs laws.

In Admiralty.   Libel by the United States for forfeiture of the gas screw auxiliary sloop Spray; Neil Pierson, claimant.   Decree for return of boat to claimant.

Norman S. Case, U. S. Atty., and Harold A. Andrews, Asst. U. S. Atty., both of Providence, R. I.

Daniel T. Hagan and Chas. A. Kiernan, both of Providence, R. I., for libelee.

MORTON, District Judge.   [1] This boat, licensed for the coasting trade miscellaneous service, was seized near the north end of Prudence Island on August 30, 1924, at about 6:30 p. m.   She had a cargo of liquor with foreign markings.   The three men on board her were taken at the same time, and pleaded guilty to illegal transportation under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).   A claim to her was made by Neil Pierson, who testified that he owned and ran a shipyard in Newport, R. I., and used this boat for towing, freighting around the harbor, etc., in connection with his business; that one Silverman hired her from him on August 28th; that Silverman did not say what he was going to use the boat for; that he hired her as a bare boat, he to supply the crew; that Silverman said he wanted her to go off in over Labor Day; that he (Pierson) inquired about Silverman, and was told he was all right; that the boat had never been in trouble while he owned her.   Mr. Pierson is a reputable business man, and I accept his testimony as establishing the facts stated.

The same causes of forfeiture are alleged against this vessel as against the Amriald, with the exception of the third, and there is the further charge in this libel that she was transporting intoxicating liquor, contrary to the provisions of National Prohibition Act, tit. 2, § 26.

[2] Under the provisions of Willis-Campbell Act, § 5 (Comp. St. Ann. Supp. 1923, § 10138⅘c), there cannot be a conviction both under the revenue statutes and under the National Prohibition Act.   U. S. v. Torres (D. C.) 291 F. 138, 143.   The government, by insisting upon its rights under the National Prohibition Act, in effect elected to stand upon that statute.   Under it an owner, whose property has without his knowledge, consent, or connivance been used in the illegal transportation of liquor, may recover it after seizure.

Let there be a decree for the return of this boat to the claimant, Pierson.