## UNITED STATES v. BROCKLEY.

(District Court, M. D. Pennsylvania. September 14, 1920.)

### No. 1204.

1. **Intoxicating liquors &#9758;255—Court can modify during term order directing sale of confiscated property.**

    The court, which condemned an automobile used for transporting intoxicating liquor and directed its sale, can during the term at which the order was entered, as fixed by Act June 30, 1902, modify or vacate the order.

2. **Intoxicating liquors &#9758;255—Return of automobile used to transport liquors may be ordered in discretion of court.**

    Under National Prohibition Act, § 26, providing that the court shall, unless good cause to the contrary is shown by the owner, order the sale of property seized, the question whether good cause is shown is addressed to the judicial discretion of the court, and the property is not subject to forfeiture absolutely, if voluntarily committed to the person who used it unlawfully, as is the case under Rev. St. § 3450 (Comp. St. § 6352).

3. **Intoxicating liquors &#9758;255—Car loaned to another, who transported liquor therein without owner's knowledge or suspicion, returned to owner.**

    An owner of an automobile, who loaned it to another, who transported intoxicating liquor therein, is entitled to a return of the automobile, where he had no knowledge of the purpose of the borrower, and no facts which should have aroused his suspicion were shown.

William G. Brockley was convicted of transporting intoxicating liquors, and the automobile in which the liquor was found was condemned and directed to be sold, and John S. Cozine and another filed petition for the reclamation of the automobile, which they claimed to own. Petition granted.

R. L. Burnett, U. S. Atty., of Scranton, Pa.

M. J. Martin and John Gunster, both of Scranton, Pa., for defendant.

WITMER, District Judge. George Brockley was convicted, as William George Brockley, at the June term of court at Williamsport, for transporting intoxicating liquor. He was sentenced June 7, 1920, to pay a fine of $500 and costs, which he paid, and the automobile in which the liquor was found was at the same time condemned and directed to be sold. Subsequently, June 15, 1920, John S. Cozine and William Brockley presented their petition, to which no answer has been filed, representing themselves to be the owners of the automobile, and stating furthermore that "George J. Brockley borrowed the said automobile from your petitioners, without stating the purpose for which the same was to be used, and further, without the knowledge and consent of your petitioners, used the said automobile for the purpose of transporting intoxicants without first having secured a permit therefor," praying for an order on the person in possession for the return or release of the same to the petitioners.

[1] The term of court at which the order directing the sale was entered began the second Monday of June and ends the third Monday of

October next, as authorized by the act of Congress creating the Middle district of Pennsylvania (Act June 30, 1902, 32 Stat. 549); hence there is nothing in the court's way, if such might have been otherwise so regarded, of modifying or vacating the order entered. The matter will therefore be decided upon the admitted facts stated in the petition.

[2] The National Prohibition Act (41 Stat. 315, tit. 2), violated by George Brockley, provides that:

"Sec. 26. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized," etc.

Whether the property seized shall be confiscated and sold depends upon the facts appearing, and whether the facts presented constitute good cause or reason to the contrary is a question addressed to the judicial sense and judgment of the court. This provision in the act is not analogous, as was contended for by the government's attorney, to that found in section 3450 of the Revised Statutes (Comp. St. § 6352), under which it has been held that the ignorance of the owner of a vehicle used by a third person for the removal of goods with the intent to defraud the United States will not save his property from confiscation. Logan v. United States, and Wisdom & Strickland v. United States (C. C. A.) 260 Fed. 746; United States v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555. From these cases, as well as from the general provisions of the revenue laws therein construed, it is conclusive that personal property voluntarily committed by the owner to the possession of a third person, for use by him, becomes subject to forfeiture absolutely, whether or not good cause appears to the contrary.

[3] The admitted facts in the present case show ownership and want of knowledge on the part of the vehicle's owners as to the purpose for which the vehicle was to be employed. Without any other attending circumstances, this is sufficient to warrant the court to order its return. It might be otherwise if, from the reputation of the person intrusted with the vehicle or other circumstances attending his occupation or employment, the inference would arise that the owners had reason to suspect that their property might be used for the purposes it was employed.

The construction contended for by the learned representative of the government would admit of no reason or cause for the return of property used in connection with a violation of the provisions of this statute, if such was intrusted to the violator of the same and used in connection therewith. This would work greater hardship upon innocent owners of such property than was contemplated by the legislators; otherwise they would not have provided for the return on good cause shown.

The order formerly entered is vacated, and the property seized, one Hudson touring car, No. 632—971, is to be delivered to the petitioners, when storage and charges, if any, are paid by the owners.