## UNITED STATES v. BURNS.

(District Court, S. D. Ohio, W. D.   January 24, 1921.)

No. 1869.

**Intoxicating liquors �köm255—Vehicle knowingly used in illegal transportation by owner forfeited.**

Under National Prohibition Act, tit. 2, § 26, the court is without authority to return to the owner a vehicle used in the illegal transportation of liquors, unless the owner shows absence of guilty knowledge.

Prosecution by the United States against John Burns.   On petition of defendant for return of an automobile.   Petition denied.

Allen C. Roudebush, Asst. U. S. Atty., of Cincinnati, Ohio.
John J. Molloy, of Cincinnati, Ohio, for defendant.

PECK, District Judge.   On petition for return of an automobile.

Defendant was convicted and fined for transporting liquor contrary to the terms of the Volstead Law (41 Stat. 305).   At the time of his arrest his motor truck was seized by the prohibition officers.   The petition for its return is based upon allegations that he is married, with a dependent family, which he supports by means of this truck, and that he has no other vehicle, and that the vehicle was never used to transport liquor at any other time, and, upon the argument, that by the fine heretofore imposed he has been sufficiently punished for his offense, all of which are found to be true.

It is urged that it is within the discretion of the court, under these circumstances, to order the vehicle restored to him, and, if it were so, such order would be made.   The Volstead Law provides that upon conviction, and unless good cause to the contrary be shown by the owner, the court shall order a sale of the vehicle, and out of the proceeds shall pay all liens thereon, according to their priorities, which are established as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used, or was to be used, for illegal transportation of liquor.

In construing this section it would violate common sense to put the rights of the owner, who, having possession and control, is primarily responsible for the use of a vehicle, above the rights of the lienor.   The latter, to protect his lien, has the burden of establishing its creation without notice to him of unlawful use of the vehicle.   Guilty knowledge by the lienor at the date of the creation of his lien is sufficient to defeat it.   The act recognizes that, as mere lienor, he would have no power of direction over the vehicle after the creation of his lien.

If guilty knowledge forfeits the interest of the lienor, it would seem that an interpretation which deals equally with the rights of the owner is the natural one.   Accordingly, it is held that in order to show good cause against the sale of a vehicle seized under the Volstead law, and shown to be an instrument of illegal transportation of liquor, the owner must show the absence of guilty knowledge.

Therefore an order of sale will issue and the lienors, if any, may be served with process.

⊙══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes