## UNITED STATES v. POLOWY.

(District Court, M. D. Pennsylvania. January 23, 1923.)

No. 1220.

Intoxicating liquors ☜250—Forfeiture of automobile used in transportation.

Evidence *held* not to establish good cause, under Prohibition Act, tit. 2, § 26, why an automobile should not be forfeited for use in unlawful transportation of liquor.

Prosecution by the United States against Martin Polowy. On petition by defendant for return of automobile. Petition denied, and order of forfeiture.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

John Memolo, of Scranton, Pa., for petitioner.

John T. Delaney, of Syracuse, N. Y., for intervening petitioner.

WITMER, District Judge. Martin Polowy pleaded guilty before this court on June 22, 1920, to the charge of unlawful transportation of intoxicating liquor by means of a certain automobile, and was sentenced to pay a fine of $50. The automobile in the custody of the law was released upon a deposit of $1,250 in lieu thereof, which was paid to the clerk of the court. Some time thereafter a petition was presented by the defendant, asking for the return of the sum so deposited, upon the ground that the automobile represented by the deposit was not liable to forfeiture, since he, the petitioner and owner of the car, was not cognizant of the fact that the milk cans which he was transporting were containing intoxicating liquors used for beverage purposes. A show-cause rule was awarded, and answer filed by the United States attorney. Thereupon the petition and answer was referred to a special master, to take the testimony and report to the court, together with his findings. Subsequently, and before the filing of the master's report, an intervening petition was filed by one William A. Slawonieski, claiming that the money deposited had been advanced to the said Polowy by the intervening petitioner, and praying that, if said sum be returned, it be returned to him. This petition was also referred to the master, to be disposed of in connection with the petition of Polowy and the answer thereto.

The special master filed a report, finding that the intervening petitioner was entitled to the deposit, and that the same should be returned to him, less costs of the proceedings and a further sum of $400, which he awarded as fees to the attorney for the petitioner, Polowy. Exception was taken to the report of the special master, and the matter is therefore before the court in its entirety. Careful examination of the testimony taken before the master, together with the records in the case, compels the court to find the following facts:

On or about June 26, 1920, an officer of the Pennsylvania state constabulary, while making an investigation of garages with reference to the Pennsylvania laws regulating same, and while looking for

stolen cars, entered a garage in Wilkes-Barre. While there he saw a new Studebaker car which aroused his suspicion. Upon examining the same, he was unable to find a motor number on the motor of the car. A further examination disclosed 15 40-quart milk cans stored in the back of this car, covered with blankets and a coat. He waited for the owner to appear. Subsequently, about 10 o'clock in the morning, Martin Polowy, together with a person by the name of Schiminsky, appeared. Upon asking who the owner of the car was, Polowy said that he was; but, upon being asked for his registration card, he was unable to present the same. He was thereupon placed under arrest and taken to the Wyoming Barracks. In the meantime, it was discovered that the cans bore a strong odor of whisky, and, upon draining same, about a quart of intoxicating liquor was taken therefrom. The defendant, subsequently establishing his ownership of the car, was released, and immediately arrested on the charge of unlawful transportation of intoxicating liquor, to which charge he pleaded guilty and was sentenced.

The defendant's own testimony before the master was to the effect that he was hired by a person by the name of John Gosdezky, of Syracuse, N. Y., to take him and family from Syracuse to Wilkes-Barre, Pa.; the sum agreed upon for this service being $100. The defendant further testified that, when he went to Gosdezky's house at Syracuse, he was told that he (Gosdezky) had sent his family by train, but that he would go down with him and take along some empty milk cans, and that thereupon he loaded 15 empty milk cans into the rear of the car, and took Gosdezky and the cans, and left Syracuse about 10 o'clock in the morning, arriving in Wilkes-Barre about 4 o'clock on the morning of the next day; that upon such arrival he went to the garage and stored his car, returning about 10 o'clock. The defendant did not give any reason why he continued in the possession of the cans upon arriving at the garage, nor did he give any information concerning the person for whom he transported the cans. The mysterious Gosdezky did not appear at any time during Polowy's unpleasant experience with the officers of the law, nor has he been produced as a witness. Gosdezky is as much of a mystery as the testimony of Polowy was evasive. For example, having been asked the question:

"What did this man bring these cans down for? A. I didn't ask him.
"Q. Didn't you feel interested? A. Why, it was none of my business.
"Q. Didn't you think it was any of your business? A. No.
"Q. And you didn't care? A. No."

It is furthermore interesting to note that, while Polowy says he had no knowledge or suspicion of the contents of the cans, and his only purpose of undertaking the trip to Wilkes-Barre was to deliver Gosdezky and the cans for a consideration of $100, the price to be paid, the officers who made the arrest and searched his person found in his possession $8,250 in cash and $6,500 worth of liquor certificates upon some Kentucky firm, and, furthermore, it appearing that Polowy had pleaded guilty to "knowingly transporting the said intoxicating liquor," with which he was charged in the information filed.

Under the provisions of the act (title 2, § 26 [41 Stat. 315]), his car shall be declared forfeited, unless good cause is shown to the contrary. The burden is on the claimant to satisfy the court. What is meant by the showing of good cause has been variously defined. U. S. v. Sylvester (D. C.) 273 Fed. 253, U. S. v. Brockley (D. C.) 266 Fed. 1001, U. S. v. Burns (D. C.) 270 Fed. 681, The Saxon (D. C.) 269 Fed. 639, U. S. v. Kane (D. C.) 273 Fed. 275, U. S. v. Automobile Taxi (D. C.) 272 Fed. 491.

Polowy has failed to satisfy the court that he was free from guilty knowledge of the transportation of liquor. Aside from his plea to the charge, the evidence is far from satisfying that good cause has been shown, saving the machine from the course provided by the law. Therefore, since the deposit was made in lieu of the car, it must answer likewise. If Polowy is not entitled to the return of his car, then surely the intervening petitioner is not entitled to the return of the cash deposited in lieu thereof, even though it was his money that was passed over by Polowy.

It is ordered and declared that the deposit be forfeited to the United States government, and the clerk is directed to pay the same into the Treasury of the United States as miscellaneous receipts, less the costs of this proceeding.