STATE, Appellant, v. SEVERSON, Defendant (Severson, Intervenor and Respondent.)

(224 N. W. 179.)

(File No. 6752. Opinion filed March 12, 1929.)

*Ray E. Dougherty,* Deputy State's Attorney, of Sioux Falls, *Buell F. Jones,* Attorney General, and *H. A. Linstrom,* Assistant Attorney General, for the State.

*Hugh S. Gamble,* of Sioux Falls, for Respondent.

CAMPBELL, J. An information was filed in the municipal court of the city of Sioux Falls, charging the defendant, Fred Severson, with the offense of carrying and transporting intoxicating liquor in an automobile on September 1, 1927; the transportation being within Minnehaha county, S. D. To this complaint the defendant, Fred Severson, pleaded guilty, and proceedings were instituted to forfeit the automobile under the provisions of section 10303, Rev. Code 1919, as amended by chapter 204, Laws 1925.

The intervener, Raymond Severson, a brother of the defendant, appeared, claiming to be the owner of the automobile and seeking to show cause why the same should not be forfeited and sold, and the court, after hearing testimony and considering the matter, made and entered its order reciting in part as follows:

"* * * Which automobile was at the time the property of Ray Severson and William Severson, and the said Raymond Severson having heretofore filed a petition in this Court for the release of said automobile, and the Court having heard and considered the evidence in support of the motion of the said Ray Severson, and being fully advised, it is hereby ordered, adjudged, and decreed

that the said automobile, to wit: one 1927 Hupmobile Sedan automobile, serial number 59771, motor number 60175, now in the custody of George Boardman, Sheriff of Minnehaha County, South Dakota, be and the same is hereby released to the said Ray Severson."

From which order the state has appealed.

This court has determined that when an automobile is used to transport intoxicating liquor, a mortgagee of said automobile is not protected against the forfeiture thereof under our statute. State v. One Studebaker Automobile, 50 S. D. 408, 210 N. W. 194.

This court has also determined that, when an automobile is sold upon conditional sales contract, as between the vendor and vendee, the vendee is the "owner" of said automobile within the meaning of the word "owner" as the same is used in chapter 204, Laws 1925. State v. One Pontiac Coach Automobile (No. 6626), 55 S. D. —, 224 N. W. 176.

Our statute provides that, under the circumstances here presented, the automobile shall be forfeited and sold "unless good cause is shown to the contrary by the owner," and this case presents the question of the interpretation of that clause of the statute. The language quoted is identical in terms to an analogous provision in section 26, tit. 2, of the National Prohibition Act (41 Statutes at Large 315 [27 USCA § 40]), which has been frequently before the federal courts, by whom the rules of construction have been fairly well established.

In one of the earliest cases after the passage of the National Prohibition Act (United States v. Brockley (D. C. 1920), 266 F. 1001), the court pointed out the distinction between the statute under consideration and section 3450, Revised Statutes U. S. (26 USCA §§ 1181, 1182), under which latter provision innocence on the part of the owner of a vehicle used by a third person for the removal of goods with the intent to defraud the United States, will not save such vehicle from confiscation, and the court ordered the return of the automobile to the claimant owner, and said:

"The admitted facts in the present case show ownership and want of knowledge on the part of the vehicle's owners as to the purpose for which the vehicle was to be employed. Without any other attending circumstances, this is sufficient to warrant the court to order its return. It might be otherwise if, from the repu-

tation of the person intrusted with the vehicle or other circumstances attending his occupation or employment, the inference would arise that the owners had reason to suspect that their property might be used for the purposes it was employed.

"The construction contended for by the learned representative of the government would admit of no reason or cause for the return of property used in connection with a violation of the provisions of this statute, if such was intrusted to the violator of the same and used in connection therewith. This would work greater hardship upon innocent owners of such property than was contemplated by the legislators; otherwise they would not have provided for the return on good cause shown."

In United States v. One W. W. Shaw Automobile Taxi (D. C. 1921), 272 F. 491, the court said:

"In my opinion, however, good cause is not shown, unless the owner can prove clearly and satisfactorily that his automobile was used, not only without his knowledge and consent, but in excess of any authority, express or implied, which may have been conferred by him upon the person using it. I am further of opinion that the owner must remove any imputation that he negligently intrusted his automobile to an employe or other person under circumstances from which a careful and prudent person ought to have foreseen that it was likely to be thus illegally used. * * * A heavy burden, however, remains upon the owner, not only of proving that his vehicle was thus used without his knowledge, authority, or consent, but of repelling any inference of negligence or collusion. It is in the light of the evils at which the law is directed that the facts in each case must be weighed and scrutinized, in order to determine whether good cause is shown."

In United States v. Sylvester (D. C. 1921), 273 F. 253, the court, in construing the provisions of the National Prohibition Act (11 USCA) analogous to the portion of our statute herein involved, said:

"The intent of the Congress, as disclosed in section 26, here under discussion, is clearly expressed. The conclusions respecting its interpretation are:

"First—The seizure, forfeiture, and sale of vehicles is not absolute, as under section 3450 of the Revised Statutes, but is subject to the order of court after it has heard all the facts of each case.

"Second—An owner who transports intoxicating liquor illegally forfeits the intoxicating liquor and the vehicle and suffers a penalty. * * *

"Fifth—The owner of a vehicle, who loaned it to another, who, in turn, transported intoxicating liquor therein, is entitled to a return of the vehicle, where he had no knowledge of the purpose of the borrower, and no facts are shown which should have aroused his suspicion."

In Jackson v. United States (1924), 295 F. 620 (C. C. A. Ninth Circuit), the court said:

"The 'good cause' spoken of in the statute obviously depends, in our opinion, upon the facts and circumstances of the particular case."

And in United States v. Kane (D. C. 1921), 273 F. 275, the court said:

" 'Good cause' is a term that can not be reduced to legal certainty, and vests discretion in the court when it has statutory authority to do a thing on good cause shown. * * * Each case will depend on its own facts and circumstances, and no more definite rule can be declared in advance."

In Shelliday v. United States (1928), 25 F. (2d) 372 (C. C. A. Fourth Circuit), the wife of the offender claimed the automobile in question, and the court said:

"It is true that it is shown that she was the purchaser of the automobile, but it also appears that she and her husband were living together, and that she, as well as he, had been violating the Prohibition Act. When the automobile was captured while being used in the unlawful transportation of liquor, the burden rested upon her to show, not only her ownership, but also good cause why the car should not be forfeited, i. e., that she was without notice and without knowledge of facts sufficient to put her upon inquiry that it was being used in violating the law."

In construing a state statute similar to our own, the Supreme Court of Alabama, in State v. Hughes (1919), 203 Ala. 90, 82 So. 104, said:

"It is not necessary to the forfeiture that the owner be guilty of the crime or offense of unlawfully transporting the liquors; but it is necessary that he be culpable or derelict in the use of his property in allowing it to be used for an unlawful purpose. * * *

As before stated, while it is not necessary to a forfeiture of the property that the owner thereof be criminally guilty as to its use for the unlawful purpose, it is necessary that he either have actual knowledge or notice that it is to be or will be so used, or that by his fault he is chargeable with knowledge or notice that it is to be, or will probably be used for such purpose."

The facts in the present case appear to be about as follows: The defendant, Fred Severson, and his brothers, William and Raymond, the intervener, live on a farm near Larchwood, Iowa. On May 31, 1927, the three brothers purchased the automobile in question from Hartman Motor Company, automobile dealers at Sioux Falls, S. D., upon a conditional sales contract, at which time there was turned in upon the new automobile, at an allowance of $200, an old car owned by the defendant, Fred Severson. Fred Severson and Raymond Severson testified that in August, 1927, the intervener, Raymond Severson, paid the defendant, Fred, $200, being the extent of his interest in the automobile, and Fred thereupon surrendered all interest therein to his brothers, Raymond and William. The automobile was licensed and registered in the state of Iowa, and the registration was in the name of Raymond Severson. At one stage of the proceedings in the present case the holder of the conditional sales contract intervened and sought to claim the car in question, but its claim has since been fully paid and satisfied by the intervener, Raymond Severson.

On the evening of September 2, 1927, the three brothers attended a dance at Klondyke, Iowa, and about 11 o'clock that evening the defendant, Fred, asked his brothers, Raymond and William, if he might borrow the automobile, and his brothers consented. He apparently wished to use the car to take a young lady from the dance to Sioux Falls, but he did not tell his brothers anything about what use he desired to make of the car, and they did not inquire. Fred Severson testifies that at the time of making this request he had no liquor on or about his person and no intention of carrying any liquor in the car if it was loaned to him. He states, however, that he had been drinking a little at the dance (he says "a very little"), having with some other boys, procured a bottle of liquor from some stranger after arriving at the dance, and that he had a part of a pint bottle of liquor thus procured hidden in the woods near the dance hall, and, after receiving pre-

mission to use the car, he went out and got this bottle, containing something less than one-half pint, and took it with him in the car. Raymond Severson testifies that he had no knowledge that Fred had been drinking at all at the time he requested the loan of the car, and that he had no knowledge of any liquor in or about the car until he learned of Fred's arrest, and no reason to believe that the car would be so used. Neither is there any claim that William, co-owner of the car with Raymond, had such knowledge, and there is nothing to show that either Raymond or William participated in, knew of, or connived at, the use of the car by Fred to transport liquor.

If the car in this case is to be forfeited as against the claims of the owners it must be upon the ground that Raymond and William, as reasonably careful and prudent persons, under all the circumstances of this case, ought to have foreseen, when Fred requested the use of the car, that he was likely to carry intoxicating liquor therein.

The evidence as to the surrounding circumstances at the time of the loan of the car is substantially as above set out, but it also appears from the evidence that both Raymond and Fred Severson had bad records as confirmed violators of the intoxicating liquor laws and that their general reputation in that respect was bad. Raymond Severson admitted that he had been charged with illegal possession of intoxicating liquor in Iowa in 1924 and entered a plea of guilty, and that he and his brother William had been charged with illegal possession and transportation of intoxicating liquor in Sioux City, Iowa, and entered a plea of guilty. He also admitted that to his knowledge Fred Severson had been arrested for violating the liquor laws on three occasions within the past three or four years and had each time entered a plea of guilty. One Sunvold, who was sheriff of Lincoln county, S. D., during the years 1923 to 1926, testified that he knew the reputation of the Severson boys with reference to engaging in traffic in intoxicating liquor, and that it was bad. One Riter, state's attorney of Lyon's county, Iowa, where the Severson boys lived, testified that he knew their reputation with reference to engaging in illegal traffic in intoxicating liquor in that vicinity during the years 1924 to 1926, and that it was bad. Similar testimony was given by three

deputy sheriffs of Minnehaha county and by a federal prohibition agent.

 The learned trial judge has found by his order that the intervener has shown good cause why the automobile in question should not be forfeited and sold. We believe it is the law upon the authorities hereinbefore cited that "good cause" depends to a great extent upon the particular circumstances of each individual case; that the burden of proof is upon the intervener to show good cause; and that the trial judge is vested with a considerable amount of discretion in determining whether good cause is shown.

██ In the instant case, however, under all the facts and circumstances, and particularly in view of the general bad reputation of all these parties for trafficking illegally in intoxicating liquor, and in view of the numerous arrests and pleas of guilty upon charges of offenses against the liquor laws, we are of the opinion that the intervener has failed to establish the good cause contemplated by our statute, and we think the learned trial judge abused his discretion in making the order appealed from.

The order is therefore reversed.

MISER, C., sitting for BROWN, J., absent.

SHERWOOD, P. J., and POLLEY, BURCH, and MISER, JJ., concur.