STATE, Respondent, v. WAUL, Defendant (PETERSON, Intervener and Appellant.)

(240 N. W. 854.)

(File No. 7124. Opinion filed February 17, 1932.)

*Parliman & Parliman*, of Sioux Falls, for Appellant.

*Lucius J. Wall*, State's Attorney, of Sioux Falls, for Respondent.

RUDOLPH, J. The appellant, Peterson, was the proprietor of a business in Sioux Falls, known as Rent-a-Ford garage. A portion of the business consisted of renting cars to the public generally, under a plan whereby the lessee of the car drove it himself and paid a certain amount for its use. The appellant's place of business was open day and night. On the evening of March 5, 1930, the defendant, James Waul, was arrested while transporting intoxicating liquor in one of the appellant's automobiles, which he had rented earlier in the evening. Waul pleaded guilty to the charge of transporting liquor, and the court included in the judgment the provision that the car be forfeited to the state and sold by the sheriff as provided by law. The appellant intervened in the action upon the ground that he was the owner of the car and could show good cause why the car should be released to him. The court thereupon took evidence in the matter and held that the appellant had not shown good cause entitling him to a return of the car. The trial court found, and the findings are amply sustained by the evidence, that the appellant had been warned by the peace officers that his cars were being rented by persons violating the prohibition laws, and that the appellant "took no steps or precaution to see that his said motor vehicles, through himself or his said agents, were not leased or let to men who were notorious violators of the probition laws of the said state." The court further found that the appellant "was personally and through his agents leasing and letting out motor vehicles to any one who applied therefor

without any sincere or honest attempt to ascertain whether or not said persons were notorious violators of the prohibition laws and would probably use such motor vehicles to unlawfully transport intoxicating liquor"; and, further, "that the said James Waul was then publicly known in said Minnehaha County as a notorious violator of the prohibition laws and had been several times arrested for violations of the intoxicating liquor law."

The rules governing this case are established in the case of State v. Severson, 55 S. D. 1, 224 N. W. 179, 181, as follows: "While it is not necessary to a forfeiture of the property that the owner thereof be criminally guilty as to its use for the unlawful purpose, it is necessary that he either have actual knowledge or notice that it is to be or will be so used, or that by his fault he is chargeable with knowledge or notice that it is to be, or will probably be used for such purpose."

There is nothing in this record which could support a finding of actual knowledge or notice on the part of appellant or his employee that the car was to be used for an unlawful purpose. Was the appellant at fault to the extent that he should be held chargeable with knowledge or notice that the car probably would be used for the unlawful purpose? In this connection it should be noticed that the burden of showing "good cause" is upon the appellant and that the trial court has a considerable amount of discretion in determining whether "good cause" is shown. State v. Severson, supra. Did the trial court abuse his discretion in holding that good cause had not been shown? We think not.

The appellant was in the business of renting out automobiles for hire; the very nature of this business made its patronage attractive to the violator of the liquor law, who, if caught with liquor in his own car would lose his car. The appellant knew of this condition and that his cars were being used in the unlawful transportation of liquor. The appellant made no effort to determine who were the liquor law violators in the community, but leased his cars to any one who applied. The result was just what he or any one else should naturally expect. One of his cars was leased by a generally known violator of the intoxicating liquor law, the lessee arrested, and the car forfeited. We are of the opinion that before a person, engaged in a business of the nature of the defendant's business, can complain that the trial court abused

its discretion in not returning to him a car forfeited because used by a notorious liquor law violator in the unlawful transportation of liquor, he must show that he has made some prior honest effort to determine who were the notorious liquor law violators of the community.

It might be suggested that, even if the defendant had made an honest effort to determine who were the notorious offenders of his community, still the appellant might have leased this car to Waul and had no reason to believe it probably would be used for an unlawful purpose. Sufficient answer to this suggestion is that the record discloses that Waul was "well-known on the street" as a bootlegger. He had been arrested in Sioux Falls in 1927, 1928, and 1929 for liquor law violations. Had the appellant made an honest effort he might have discovered these facts, and, had he known these facts, under the decision in the Severson Case, supra, he could not show good cause for the return of his car. Had appellant made an honest effort to determine who were the notorious offenders in his community, and had still not discovered the above facts, an entirely different situation would be presented than we have presented in this case, but, having made no such honest effort, he cannot, under the circumstances here presented, complain. What constitutes an honest effort in this regard is to be determined in the sound discretion of the trial court from all the surrounding facts and circumstances.

The trial court, rather than being bound by any strict legal rule in this class of case, has been vested with discretion. This is because "good cause" is a term that cannot be reduced to legal certainty and vests discretion in the court. United States v. Kane (D. C. 1921), 273 F. 275. It is our opinion, that the instant case, presents a situation contemplated by the statute (section 10303, Rev. Code 1919, as amended by chapter 204, Laws 1925, as amended by chapter 168, Laws of 1929) when the term "good cause" was used. We are not inclined under the facts here presented to hold that the trial court abused the discretion deliberately vested in that court by this statute.

The judgment appealed from is affirmed.

CAMPBELL, P. J., and POLLEY and WARREN, JJ., concur.

ROBERTS, J., absent and not sitting.