STATE, Respondent, v. WAUL (PETERSON, intervenor, Appellant).

(241 N. W. 512.)

(File No. 7124. Opinion filed March 15, 1932.)

For former opinion, see 59 S. D. 484, 240 N. W. 854.

*Parliaman & Parliman,* of Sioux Falls, for Appellant.

*Lucius J. Wall,* State's Attorney, of Sioux Falls, for the State.

RUDOLPH, J. The intervener and appellant, Peterson, has filed a petition for rehearing. The ground upon which a rehearing is asked is that this court, in its opinion herein, 59 S. D. 484, 240 N. W. 854, overlooked the fact that, when the defendant, Waul, rented the car, he did not disclose that he was in fact Waul, but gave his name as "J. J. Miller," and that his identity was not known to intervener or intervener's employee who rented the car. This facts was not overlooked, but was attempted to be considered in the next to the last paragraph of the opinion. However, there being no specific reference in the opinion to the fact that when Waul rented the car he gave his name as "J. J. Miller," we deem this supplemental statement of our views advisable.

Under the facts as presented in this case, we are of the opinion that it is immaterial that Waul gave his name as Miller. Our position is, that had appellant made an honest effort to determine who were the notorious liquor law offenders in his community, he might have discovered that Waul was such, and, because of making

534

such investigation, might have been able to identify Waul. The appellant (as found by the trial court) made no effort to determine who were the notorious offenders. What the appellant would have discovered about Waul, or who Waul was, had he made such an honest effort, there is no way now to determine, because what constitutes an honest effort in this regard can only be determined when the facts are disclosed. Had the appellant made an honest effort to determine who were the notorious offenders in his community, and still not have been able to identify Waul (which we concede might be possible), an entirely different situation would be presented. But, having made no effort, the appellant is not in a position to complain.

The petition for a rehearing is denied.

CAMPBELL, P. J., and POLLEY and WARREN, JJ., concur.

ROBERTS, J., not sitting.