LOGAN v. UNITED STATES.
WISDOM & STRICKLAND v. SAME.

(Circuit Court of Appeals, Fifth Circuit. October 15, 1919.)

Nos. 3379, 3381.

INTERNAL REVENUE ☞46—FORFEITURE OF VEHICLE USED FOR REMOVAL OF PROPERTY TO DEFEAT TAX.

A vehicle or animal committed by the owner to the possession of a third person, who uses it in the removal of goods or commodities to defraud the United States of a tax imposed thereon, under Rev. St. § 3450 (Comp. St. § 6352), is subject to forfeiture, although the owner had no knowledge of such illegal use.

In Error to the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

Proceedings by the United States against one automobile, Wisdom & Strickland, claimants, and against one mule, J. W. Logan, claimant. Judgments of forfeiture, and claimants bring error. Affirmed.

Sam P. Maddox, of Dalton, Ga. (J. G. B. Erwin, of Calhoun, Ga., and Maddox, McCamy & Shumate, of Dalton, Ga., on the brief), for plaintiff in error Logan.

L. C. Hopkins and Clarence Bell, both of Atlanta, Ga. (C. T., L. C. & J. L. Hopkins, Dorsey, Shelton & Dorsey, and Bell & Ellis, all of Atlanta, Ga., on the brief), for plaintiffs in error Wisdom & Strickland.

Hooper Alexander, U. S. Atty., and J. W. Henley, Asst. U. S. Atty., both of Atlanta, Ga.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

GRUBB, District Judge. These two cases are substantially alike in their nature and the legal principle controlling them, and may be considered together. In each, the appeal is from a judgment of the District Court condemning and forfeiting to the United States, in the former an automobile and in the latter a mule, as having been used in the removal of goods or commodities (viz., whisky) for or in respect whereof a tax was imposed, with intent to defraud the United States of such tax. Section 3450 of the Revised Statutes (Comp. St. § 6352) directs that such articles shall be forfeited. It is conceded that the automobile and the mule were used for the removal of nontax paid spirits, and would have been subject to forfeiture, if they had belonged to the user. It is conceded that the automobile was sold to the user by the plaintiffs in error in the first case; they retaining title to secure the balance of unpaid purchase money. It is conceded that the claimant in the second case sold the forfeited mule to the user in whose possession it was seized, taking a mortgage back to secure the balance of unpaid purchase money. It is conceded that neither claimant had knowledge of the illegal use to which their property was put.

The case of United States v. Mincey, 254 Fed. 287, 165 C. C. A. 575, decided by this court, would seem to be controlling of both cases. The plaintiffs in error ask us to reconsider the Mincey Case, and also to distinguish each of the present cases from that case.

In deference to the earnest argument of plaintiffs in error, we have again considered the question involved in these appeals, but without being convinced that there is any good legal reason for departing from our previous decision. The cases of Dobbins Distillery v. United States, 96 U. S. 395, 24 L. Ed. 637, and United States v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555, so far as they relate to personal property, are not distinguishable from the cases now under consideration, and control their decision. In the Dobbins Distillery Case, mention is made, in the court's opinion, that the lessor committed his property to the custody of the lessee for a business necessarily under strict regulations, viz., a government distillery. However, this was a lawful disposition of his property, and we cannot see how it could be said to charge him with knowledge of his lessee's subsequent infractions of the internal revenue laws. The statute forfeiting realty provides for proof of knowledge of the violation in the owner, but no such requirement rests upon the government as to personalty. In the Stowell Case, personal property of a third person, in custody of the offender, was forfeited, though the owner was ignorant of the fact that a distillery was being operated on the premises where the property was seized, and in connection with which it had been used, without the owner's knowledge or consent. Reference is made to sections 3460 and 3461 of the Revised Statutes (Comp.

St. §§ 6362, 6363), as being inconsistent with the construction given section 3450 in the Mincey Case, both because of a supposed lack of good reason for protecting an absent claimant, since it is contended that, if present, he is permitted to say nothing to prevent the forfeiture, and because of a supposed discrimination against a present claimant, because he could not prevent a forfeiture by showing an absence on his part of willful negligence and an intention to defraud, though the absent claimant is relieved from the forfeiture by making such a showing to the Secretary of the Treasury.

The first contention loses sight of the right of a claimant to be heard in denial of the guilt of the property sought to be forfeited, as well as his possible right to show that the guilty user of it acquired possession of it without claimant's knowledge or consent.

The second contention ignores the provisions of section 5292, R. S. (Comp. St. § 10130), which provide a remedy by which any person whose property is forfeited may have the forfeiture remitted, if the Secretary of the Treasury is of the opinion that it was incurred without willful negligence or any intention of fraud in the person incurring it. Section 3461 applies to an application for relief from forfeiture, after condemnation and sale, where the owner, through absence or other cause, was ignorant of the seizure until after the sale. Section 5292 is open to any person who can make the requisite showing, whether absent or not, and before condemnation as well as after. Under it, as under section 3461, the endeavor is not to prevent forfeiture, but to obtain relief from it. Neither section offers a defence to the judicial declaration of a forfeiture, but only an appeal to the discretion of·the. Secretary for a remission of it. The fact that section 5292 authorizes the application to the Secretary, while the government's suit to condemn is pending, is persuasive that Congress recognized that a showing of absence of willful negligence or fraud would not prevent the judicial declaration of the forfeiture, but was only to be addressed with effect to the clemency of the Secretary. In the case of United States v. Stowell, supra, the Supreme Court, construing a similar act, said that it required:

"That all personal property which is knowingly and voluntarily permitted by its owner to remain on any part of the premises, and which is actually used, either in the unlawful business, or in any other business openly carried on upon the premises, shall be forfeited, even if he [the owner] has no participation in or knowledge of the unlawful acts or intentions of the person carrying on business there, and that persons who intrust their personal property to the custody or control of another at his place of business shall take the risk of its being subject to forfeiture if he conducts, or consents to the conducting of, any business there in violation of the revenue laws, without regard to the question whether the owner of any particular article of such property is proved to have participated in or connived at any violation of those laws."

The court further said that that case did not require a decision as to property "stolen or otherwise brought upon the premises without the consent of the owner." A similar reservation was contained in this court's opinion in the Mincey Case. The long history of forfeitures in this country, for violation of internal revenue and customs laws, of property, regardless of ownership, whether innocent or

guilty, repels the idea that such forfeitures conflict with the owner's right to due process of law. We regard it as settled that personal property voluntarily committed by the owner to the possession of a third person, for use by him, becomes subject to forfeiture, under section 3450, though the owner has no knowledge of the illegal use to which it is put by the possessor.

In each of the cases now under consideration, the property was voluntarily intrusted by the owner to the offenders. In the first case it was sold, with a retention of title to secure unpaid purchase money. In the second case it was sold, and a chattel mortgage taken, to secure unpaid purchase money. In each case the possession of the purchaser, as against the seller, carried the right to make such use of it as the purchaser saw fit. In each case the seller selected the person on whom he bestowed possession, and who abused it by using it to violate the revenue law. No reason appears for distinguishing either case from the Mincey Case. The test of a voluntary bestowal of possession by the owner upon the wrongdoer applies equally well. In the Mincey Case the owner attempted to restrict the use to be made of the property by directions to his servant, which were departed from. In the two cases under consideration, the possession of the offenders was without limitation as to use. The owners took the risk of loss of lien by the destruction of the property by the purchasers. They also took the risk of loss of lien by forfeiture of the property through the purchaser's wrongful act. Guilt is attributed to the property because the public necessities attending the enforcement of revenue laws require the instruments used to evade collection to pay the penalty, regardless of ownership.

We are unwilling to depart from the principle decided in the Mincey Case, and, finding no distinguishing feature in the cases submitted, the judgments in both are affirmed.