### UNITED STATES v. ONE ESSEX TOURING AUTOMOBILE.

(District Court, N. D. Georgia, N. D.   August 8, 1921.)

No. 785.

1. **Judgment ⬤⟳346—Validity may be considered after close of term.**
   A motion to set aside a judgment as void may be considered after the term at which it was rendered.

2. **Internal revenue ⬤⟳2—Provision for forfeiture of vehicle used to defraud government of tax not repealed.**
   Rev. St. § 3450 (Comp. St. § 6352), was not repealed by the National Prohibition Act, and a vehicle used to remove or conceal distilled spirits subject to tax which has not been paid, with intent to defraud the United States of such tax, is subject to forfeiture thereunder.

Libel of condemnation by the United States against one Essex touring automobile. On motion by claimant to set aside judgment of forfeiture. Denied.

John W. Henley, Asst. U. S. Atty., of Atlanta, Ga.

Philip Weltner, of Atlanta, Ga., and Austin Bell and Andrew J. Cobb, both of Athens, Ga., for claimant.

SIBLEY, District Judge. The automobile was libeled for condemnation under R. S. § 3450 (Comp. St. § 6352), on April 24, 1920, on the ground that it was used by a person unknown for the re-

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

moval, deposit, and concealment of 80 gallons of distilled spirits in respect of which a tax was imposed which had not been paid, with intent to defraud the United States of the tax. Judgment of condemnation was had, and after the term a motion is made to set it aside on the ground that the judgment is void, because on April 24, 1920, there was no law to authorize it; R. S. § 3450, having been repealed by the National Prohibition Act (41 Stat. 305).

[1] 1. Notwithstanding the term at which the judgment was rendered is past, the validity of the judgment will be examined, because, if void, it cannot be enforced, and enforcement ought in the interest of justice to be stopped at any time that the invalidity is brought to the attention of the court.

[2] 2. The question of repeal here raised was examined in this court in One Essex Touring Automobile (D. C.) 266 Fed. 138, and the conclusion reached that forfeiture under R. S. § 3450, might be had, notwithstanding the provisions of the National Prohibition Act. A review of this conclusion has now been had, in the light of the case of United States v. Yuginovich, 256 U. S. ——, 41 Sup. Ct. 551, 65 L. Ed. ——, decided by the Supreme Court June 1, 1921. That case settles that the laws taxing distilled or other intoxicating liquors are not repealed by the National Prohibition Act, but these remain "goods or commodities in respect of which a tax is or shall be imposed," mentioned in R. S. § 3450.

The question of the repeal of former penalties by prescribing lesser ones for substantially the same act does not arise here at all, for, if the acts punished by section 3450 are supposed to be substantially the same as the forbidden transportations of the Prohibition Act, it happens that the penalties are the same. But, as stated in the former opinion of this court, the two laws really cover very different ground. R. S. § 3450, deals not only with distilled liquors, but every other taxed article. Its subject-matter is far broader than that of the Prohibition Act. Its purpose is not to discourage the transportation or use of taxed articles, but to facilitate the collection of the tax on them. The propriety of forbidding their removal, deposit, or concealment without the payment of the tax and with intent to defraud is evident. The fact that Congress, under constitutional authority, has since seen fit to select a class of articles on which a tax is due, and with a different purpose in view to prohibit their transportation or possession, except under prescribed conditions, even *after* the tax has been paid, in no wise impairs the propriety of prohibiting their removal or concealment in the interest of the revenue *before* the tax is paid.

The transportation or possession punished under the Prohibition Act is of intoxicating liquors, irrespecitve of whether the tax has been paid, or whether any tax was ever imposed on them. R. S. § 3450, has to do only with articles on which a tax is due and unpaid, irrespective of whether the use of them is restricted by other laws. One may violate R. S. § 3450, by removing or concealing liquors on which a tax is due and unpaid with intent to defraud of the tax, even though he have all requisite permits for transportation and possession under the Prohibition Act. In like manner he may violate the Prohibi-

tion Act by transporting and possessing intoxicating liquors contrary to its provisions, even though he may have paid all taxes upon them. Or he may violate the provisions of both laws at the same time, if the tax is not paid and permit not secured.

The case in question could not be reached by the proceeding for forfeiture provided by section 26 of the Prohibition Act. The person in charge of the automobile fled and is unknown, and cannot be prosecuted and convicted, however evident his guilt. Moreover, he may have had a permit to transport the liquors, and so not be capable of conviction "under the provisions of this title," as required by section 26. Yet if he and the automobile were engaged in an effort to defraud the government of the tax due, there is no more reason why the penalty for so doing should be relaxed in the case of distilled liquors than in the case of any other taxed article. One may wonder why greater severity should be prescribed by Congress in the matter of forfeitures as well as penalties in protection of the revenue laws than in enforcing constitutional prohibition, but that is not a judicial problem. The field covered by the two acts here in question is too distinct to raise any question of collision or implied repeal.

The motion to vacate is denied.