## UNITED STATES.

*v.*

## BUICK AUTOMOBILE, LICENSE NO. 6077.

San Juan, Equity, No. 1274.

Opinion filed June 24, 1924.

*Mr. John L. Gay,* United States District Attorney, for the United States.

*Mr. B. F. Sanchez* for claimant of the automobile.

ODLIN, Judge, delivered the following opinion:

Two questions have arisen in connection with this matter, which have been thoroughly argued by counsel and with respect to which the court has reached certain conclusions.

The first question is as to the procedure. The framework of the libel which was filed by the United States attorney was evidently based upon the National prohibitory law, because the prayer of the libel prays for the forfeiture of a certain automobile under the National prohibitory law because it was seized while not in motion and while there was no one found in possession of the automobile, but inside the automobile there were found certain packages of intoxicating liquors. I am satisfied that the decision of Judge Sibley, reported in 276 Fed. 28, being the case of United States v. One Essex Touring Auto, must control the decision in the present case. Judge Sibley held that where the United States Attorney at Atlanta, Georgia, had filed a libel praying condemnation upon the ground that the auto-

mobile had been used by some unknown persón for the deposit of 80 gallons of distilled spirits, upon which no tax had been paid, and with the intent to defraud the United States, and where a judgment had been rendered and the term of court had been closed, it was in order for the party claiming the machine to submit a motion to set aside the judgment of forfeiture. On page 30 of his opinion he distinctly states that where the person in charge of the automobile fled and is unknown he cannot be prosecuted and convicted, no matter how clear the proof is of his guilt, and Judge Sibley states that for that reason a case like this cannot be reached by a proceeding for forfeiture, as provided by § 26 of the Prohibition Act.

In the case before this court it is conceded that there has been no conviction and no arrest; that the automobile alone was seized, and is now in the possession of the marshal of this court.

I am satisfied that the proper order to be made in this case so far as the question of procedure is concerned is that the present libel be dismissed, but without prejudice to the rights of the United States district attorney to proceed for the forfeiture of Buick Automobile, License No. 6077, under the appropriate act of Congress, and it is so ordered.

The second question which this court is called upon to decide is in connection with a certain bond executed in proper form on June 6, 1924, by Mr. Jose M. Perez, with proper sureties, in the sum of $800 in order that he might regain possession of the said Buick Automobile License No. 6077, he claiming to be the owner thereof. This bond has been placed in the hands of the undersigned judge by the marshal of this court, asking for instructions, because it appears that this bond has never been approved. The claimant of the car, Jose M. Perez, is also

desirous that this question as to the nonapproval of this bond should be determined, because Perez, whether he is the owner of the automobile or not, is clearly entitled to the possession of the machine, provided he gives a good bond in accordance with the provisions of the statute. I have carefully read § 26 of the National Prohibitory Law, and it seems to me that the proper person to approve the bond is the officer who seizes the machine. It is admitted that in this case the machine was seized by a member of the Insular police force. Of course in making this seizure he acted as the agent of and the subordinate representative of the chief of Insular police. The seizure was never made by any Federal official. It is true that the machine was turned over and delivered to the Marshal of this court, but I do not believe that the marshal has authority to approve this bond, as he would have if the machine had been seized by himself or by a deputy. The best construction that I can put upon § 26 of the Volstead Act is that the bond should be approved by the chief of Insular police.

I therefore Order and Direct that this bond be submitted by the clerk of this court to the chief of the Insular police, with a copy of this order, and, that, in case the chief of Insular police shall approve this bond, it then be filed with the clerk of this court and the marshal of this court then deliver to the said Jose M. Perez the said Buick Automobile, License No. 6077.

Done and Ordered in open court at San Juan, Porto Rico, this 24th day of June, 1924.