## UNITED STATES v. GARTH MOTOR CO.*

(Circuit Court of Appeals, Fifth Circuit. February 27, 1925.)

### No. 4372.

**1. Appeal and error ⟨⟩4, 14(½)—Forfeiture case is one at law, and should be brought up by writ of error.**

Libel to forfeit automobile used to deposit or conceal liquor illicitly distilled is case at law, and should be brought before Circuit Court of Appeals by writ of error rather than by appeal, but in view of Act Sept. 6, 1916, § 4 (Comp. St. § 1649a), the form of remedy is unimportant.

**2. Internal revenue ⟨⟩2—Provisions of National Prohibition Act held to supersede statute providing for forfeiture of automobile used with intent to defraud government of internal revenue taxes.**

National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), providing for forfeiture of automobiles used for removal or transportation of intoxicating liquor, applies, whether automobile be actually in motion or not, and supersedes Rev. St. § 3450 (Comp. St. § 6352), relating to forfeiture of automobile for use with intent to defraud government of internal revenue taxes, notwithstanding Act Nov. 23, 1921, § 5 (Comp. St. Ann. Supp. 1923, § 10138⅘c), continuing in force laws not in conflict with Prohibition Act.

Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Libel by the United States for forfeiture of an automobile, opposed by the Garth Motor Company, claimant. From a judgment of dismissal, the United States appeals. Affirmed.

C. B. Kennamer, U. S. Atty., of Guntersville, Ala., and Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala.

Wm. S. Pritchard and John D. Higgins, both of Birmingham, Ala., for appellee.

Before WALKER and BRYAN, Circuit Judges, and ESTES, District Judge.

BRYAN, Circuit Judge. This is a libel of information under R. S. § 3450 (Comp. St. § 6352), for the forfeiture of an automobile. The facts relied on by the government are that one Killian had the automobile in his possession, and was using it for the purpose of depositing or concealing therein liquor which had been illicitly distilled, with the intent to defraud the United States of its internal revenue tax. The claimant, Garth Motor Company, had sold the automobile, but had retained title until the purchase price should be paid, of which, at the time the libel was filed, there was an unpaid bal-

ance of $125. It had no knowledge or cause to suspect that Killian was violating any law, or would do so. Indeed, the sale was innocently made to another person. The District Court dismissed the libel.

[1] The case is one at law, and should have been brought here for review by writ of error, instead of by appeal, as was done; but that is unimportant, and we proceed to the merits. Act Sept. 6, 1916, § 4, 39 Stat. 727 (Comp. St. § 1649a).

Counsel for the government make an elaborate and exhaustive argument to establish the proposition that the tax on intoxicating liquors, although the manufacture thereof is prohibited by the National Prohibition Act, has never been repealed, or, if so, that it has been reinstated by section 5 of the Act of November 23, 1921, 42 Stat. 223 (Comp. St. Ann. Supp. 1923, § 10138⅘c), which provides "that all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this act," etc. The proposition contended for finds support in the cases of United States v. Yuginovich, 250 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, and United States v. Statoff, 260 U. S. 477, 43 S. Ct. 197, 57 L. Ed. 358, and may be conceded.

[2] It is also contended that an automobile may be forfeited, according to the provisions of section 3450, when used for the deposit or concealment of liquor illicitly distilled and intended for use as a beverage, with intent to defraud the United States of the tax thereon, and that section 26, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), is not in conflict, because it only applies to an automobile used in the removal or transportation of liquor. Where a forfeiture occurs under R. S. § 3450, the interest of an innocent owner or lienholder is lost (United States v. Mincey, 254 F. 287, 165 C. C. A. 575, 5 A. L. R. 211; Logan v. United States, 260 F. 746, 171 C. C. A. 484; Goldsmith, Jr.-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376); whereas, in cases falling under section 26 of the National Prohibition Act the rights of innocent owners or lienholders are preserved. The position now taken by the government in this case is that the interest of an innocent owner or

lienholder may be forfeited if the automobile is standing still, but that such interest is protected if the automobile is in motion. That view could easily result in manifest injustice; for under it, as an illustration, the interest of an innocent holder of a lien on an automobile could be forfeited upon proof that while it was parked on a public street liquor was concealed in it by some one who had the intent to defraud the government of its internal revenue tax.

Section 3450 is superseded by section 26 of the National Prohibition Act in so far as there is a conflict between the two. United States v. One Haynes Automobile (C. C. A.) 274 F. 926. The former section applies to any goods or commodities upon which a tax is imposed; whereas the latter deals only with intoxicating liquor. An automobile actively engaged in transporting goods is at least as well adapted to facilitate violations of the revenue law as is one which is used merely for the deposit or concealment of goods. If section 3450, correctly construed, makes a distinction between an automobile standing still and one in motion, we are of opinion that section 26 of the National Prohibition Act operates to supersede it in so far as the forfeiture of automobiles and other vehicles, and air and water craft, used in the handling of liquor, is concerned. The latter section deals with the subject of the unlawful possession as well as the unlawful transportation of intoxicating liquor. It prescribes such penalties on the subject with which it deals as were deemed adequate. Where the seizure is one within its terms, the seizing officer has no option or election as to the forfeiture proceeding to be pursued, but is required to follow the procedure prescribed in that section.

Language used in that section indicates that the applicability of the forfeiture provision therein contained was not intended to be dependent upon the seized vehicle being actually engaged in transporting intoxicating liquor when the seizure was made. That the forfeiture provision therein contained was intended to be applicable when the seized vehicle, at the time of its seizure, was used as a means of possessing intoxicating liquor, whether such liquor was or was not then being actually transported, is indicated by the fact that that forfeiture provision is immediately associated with the provision contained in the second sentence of that section: "Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle

and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof." The just quoted language, in the connection in which it is used, is inconsistent with the existence of an intention to deal only with intoxicating liquors while being actually transported. It cannot well be inferred that an automobile which was seized while it was being used as a means of possessing intoxicating liquors was intended to be forfeitable otherwise than under the provision of section 26 of the National Prohibition Act, if the transaction also involved the feature of concealing such liquor. A special forfeiture provision being applicable in the case of a vehicle used in possessing intoxicating liquor, in such case another forfeiture provision applicable generally to anything used, with intent to defraud the United States of a tax, for the deposit or concealment of the subject of the tax, cannot be resorted to.

The conclusion is that Congress, when it enacted the National Prohibition Act, considered the forfeiture provision of section 3450, which failed to protect an innocent interest in the thing forfeited, too severe, and therefore provided a less drastic penalty, which safeguards such interest.

The judgment is affirmed.