## UNITED STATES v. ONE CHEVROLET COUPÉ. (Securities Inv. Company, Intervener.)

(District Court, E. D. Missouri. E. D. April 9, 1925.)

No. 6919.

**1. Intoxicating liquors ⊚⊃247—Forfeiture of vehicle for removal of liquors with intent to defraud government of tax not authorized for violation of Prohibition Act; "remove;" "removing;" "transport."**

Forfeiture or condemnation under Rev. St. § 3450 (Comp. St. § 6352), of a vehicle used for removing intoxicating liquors, subject to tax, with intent to defraud the United States, is not authorized for transportation of intoxicating liquor, unlawfully manufactured, in violation of National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), as the so-called taxes and tax penalties provided by the Prohibition Act are penalties and not taxes, and "remove" and "removing" connote a change of status, and "transport" one means of changing status, or situs.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Remove —Removal; Transport—Transportation.]

**2. Internal revenue ⊚⊃46—Statute providing forfeitures to be liberally construed.**

Rev. St. § 3450 (Comp. St. § 6352), authorizing the forfeiture of vehicles in which commodities subject to tax are removed, with intent to defraud the United States of tax, though penal, should be liberally construed with a view to its fair enforcement.

**3. Statutes ⊚⊃165—Later law prescribing milder punishment operates to repeal former law.**

Where a law provides punishment on a given state of facts, less serious or milder than that provided by an older statute, on the same facts, the later law will prevail and operate to repeal the earlier by implication.

**4. Intoxicating liquors ⊚⊃251—Innocent owner or mortgagee of vehicle sought to be forfeited under Prohibition Act may recover to extent of his interest.**

Innocent owner or mortgagee of automobile used in transportation of intoxicating liquors, and sought to be forfeited under National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), is entitled to intervene and recover the vehicle, or its proceeds, to the extent of his interest therein, despite Rev. St. § 3450 (Comp. St. § 6352).

At Law. Proceeding by the United States, under Rev. St. § 3450, against one Chevrolet coupé, in which the Securities Investment Company intervened as claimant. Decree for intervener.

Jones, Hocker, Sullivan & Angert, of St. Louis, Mo., for Securities Inv. Co.

FARIS, District Judge. This case involved a state of facts, and the application of the statutory law to those facts, in a very involved sort of way; in a way which has caused infinite trouble to the courts, since about one-half of the time of the District Courts is now being taken up in an attempted solution of new questions arising out of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and the Internal Revenue Acts as applied, or attempted to be applied, to the National Prohibition Act, to charges growing out of the National Prohibition Act, and to alleged offenses and situations growing out of that act.

· The facts in this case are very simple: One Charles Passiglia was arrested while transporting certain intoxicating liquor in the Chevrolet coupé hereby sought to be condemned. This person, I may say in passing, has not yet been either tried or convicted for the alleged offense charged against him.

Upon the bare face of the acts of Passiglia, he is prima facie, at least, guilty of an unlawful transportation of liquor in violation of the provisions of title 2, § 6, of the National Prohibition Act. But, in the proceeding at bar, the government proposes to overlook this plain guilt, and to add to it by circumstantial evidence an intent which will bring it within the provisions of section 3450, Revised Statutes (Comp. St. § 6352).

So plaintiff began this action under the provisions of section 3450, to condemn this car as forfeited. An intervener now comes in, and substantially sets up by its plea of intervention that it is the assignee of the mortgagee of this car after condition broken, that it had and took no part in, nor had any knowledge or notice of, the alleged unlawful acts of Passiglia, or of his unlawful use of this car in controversy, and asks that it have said car returned to it, or be paid the sum of $556.68, the amount of its mortgage debt, out of the proceeds of the sale of this car, in the event that the court shall decree, a sale thereof.

The conflict in the contentions of the plaintiff on the one hand, and the intervener upon the other, rages around the question whether title 2, § 26, of the National Prohibition Act applies, or whether section 3450, Revised Statutes, is applicable; intervener contending upon this point that title 2, § 26, supra, has repealed section 3450, in so far, at least, as concerns the specific acts and situation here involved. This is the simple question in the case; simple, at least, in its statement, however involved it may be in its solution.

Section 3450, supra, substantially, and so far as is pertinent to the situation here presented, provides that, whenever any goods or commodities, on which a tax is laid by the United States, are removed with intent to defraud the United States of such tax, all such goods and commodities, as also the vehicle used in transporting them, shall be forfeited.

Section 26 of title 2 of the National Prohibition Act, substantially, and so far, as is pertinent here, provides that, whenever any officer of the law shall discover any person in the act of transporting, in violation of the law, intoxicating liquor in any automobile, it shall be the duty of such officer to take possession of such automobile, and arrest the person in charge thereof. Upon conviction of the person so found transporting such liquor unlawfully, absent good cause to the contrary, the court shall order such automobile to be sold at public auction. In case of such sale, any innocent owner or lienor may by intervention come in and have an order that from the proceeds of such sale his debt may be paid, or, in a proper case, the car may be returned to the owner. This latter situation at least seems to exist by broad implication; whether it be in fact set out in express language by the terms of the statute may be doubted.

It is fairly plain that the words of this section (that is to say, section 26 of title 2 of the National Prohibition Act, "transporting in violation of law intoxicating liquors") refer to the crime of transporting such liquor unlawfully and without a permit, as denounced and forbidden by section 6 of the National Prohibition Act.

Section 3450, supra, does not use or mention the words "transport" or "transporting." The words used in section 3450 are "removes" and "removing." Some dictionaries do not even include "transport" and "transporting" as synonyms of "remove" and "removing." See Webster's Dictionary. "Remove," of course, means to change place; to shift a thing from one location to another. Such change of place, or shifting of location, may be done by transportation, or by transporting in a vehicle, but such method is not exclusive. Transporting may be a means of effecting a removal, but the words "remove" and "removing" connote the status existing after a shifting of location, while the word "transport" connotes one out of many means of bringing about that change in status or situs.

[1] Concretely, then, title 2, § 6, supra, forbids the transporting of intoxicating liquor without a permit, regardless of the intent or motive with which the act is done, while section 3450, supra, forbids the removing of such liquor (or other commodities on which a tax is laid) with intent to defraud the United States of such tax.

In short, in one case no intent or motive is necessary to be present, or to be charged; in the other there must exist an intent, which intent must be shown either by evidence or by inference from the circumstances of the case.

But no tax, as such, is laid on the manufacture of illicit liquor. The so-called taxes and tax penalties have been said to be penal-

ties simply, and not taxes. Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061; Regal Drug Co. v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318. This, at least, is the law today; what it may be tomorrow or next week no one can foretell.

[2] Section 3450, supra, is highly penal, but, since it is enacted for the public good, it is, in a way, an exception to the rule of strict construction, and it must be construed liberally, with a view to its fair enforcement. United States v. Stowell, 133 U. S. 1, 10 S. Ct. 244, 33 L. Ed. 555.

This section as appears from its language is not leveled against those who remove goods with intent to defraud the United States of penalties but is directed at those who so remove goods with intent to defraud the United States of taxes. Moreover, if one be arrested, as was Passiglia, while transporting intoxicating liquor without a permit, he is liable, upon the theory of plaintiff, to prosecution either under title 2, § 6, of the Volstead Act, or section 3450, Revised Statutes, as the will or desire of the prosecuting officer may or shall determine. In other words, the government, acting through its prosecuting officer, has its choice, upon the theory upon which the government is here proceeding.

But this, of course, is not the precise point involved, and I merely mention it arguendo, in passing, as throwing a little additional light on the question, which is intimately involved. Title 2, § 26, supra, read and construed in connection with title 2, § 6, and section 29 of the National Prohibition Act, provides as penalties for the unlawful transporting of intoxicating liquor without a permit, penalties and punishment, not exceeding a fine of not more than $500, plus liability in a proper case, and, after conviction of the accused, of forfeiture and sale of the vehicle used in such transportation, saving to innocent owners and lienors all rights in the vehicle. On the other hand, section 3450, supra, provides for a like fine of not more than $500, to be assessed against him who is found guilty of removing goods liable to a tax, with the intent to defraud the United States of such tax, plus absolute forfeiture of the vehicle as of the time of the commission of the offense. The latter section has no saving clause or provision as to innocent owners or lienors. In short, the forfeiture is absolute; neither an innocent owner nor an innocent lienor has any property rights left in such vehicle. The law operates at the moment of an unlawful use against the vehicle itself. Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376; United States v. One Saxon Automobile, 257 F. 251, 168 C. C. A. 335; Logan v. United States, 260 F. 746, 171 C. C. A. 484.

This rule is the only one that I have in mind, which carries into the common law a part of the Mosaic law in terms; that is to say, that part of the Mosaic law which makes the instrumentality, e. g., under the Mosaic law an animal, the guilty thing, and the thing against which the law itself acts and proceeds.

Obviously, then, the penalties provided by section 3450, which is the older statute, are more severe than are those provided by title 2, § 26, of the National Prohibition Act, which is the later statute.

Again, upon the theory of plaintiff, the government may have its choice as to whether it shall proceed under title 2, § 26, for a forfeiture, under the theory of an unlawful transporting of liquor, or whether it shall proceed under section 3450, supra, for a forfeiture on the ground that the accused was using the vehicle to effectuate a removing of goods on which a tax is laid, in order to defraud the United States of such tax.

[3] The situation is thus an anomalous one. Two statutes thus in conflict, and which thus, on the same state of facts, permit a choice between severe and mild punishments, and severe and mild forfeitures, at the mere wish and volition of the government, or of an officer, cannot both stand at one and the same time. It is fairly well settled that, where a later law is enacted which provides punishment on a given state of facts, which is less serious or milder than that provided by an older statute, upon the same given facts, the later law will prevail and serve to repeal the older law, by clear implication. United States v. Tynen, 11 Wall. 88, 20 L. Ed. 153; United States v. Stafoff (D. C.) 268 F. 417; United States v. Windham (D. C.) 264 F. loc. cit. 377.

There may and can arise situations wherein, upon the facts, no such conflict as is here present would occur. This is so because section 3450, supra, is general in its application, and covers many more unlawful removals to defraud the government of taxes, besides those pertaining to taxes on distilled spirits. Reo & Co. v. Stern (D. C.) 279 F. 422.

[4] But I am forced to conclude that, on the state of facts here presented, there is an irreconcilable conflict between title 2, § 26,

and section 3450, and that upon these facts title 2, § 26, supra, applies and section 3450, supra, does not apply.

I am keenly aware that this conclusion does not agree with that reached by a number of federal District Courts. The question whether, in a case similar to this, recourse may lawfully be had for forfeiture under the provisions of section 3450, has been variously ruled by the latter courts. In the cases of United States v. One Essex Auto (D. C.) 266 F. 138, United States v. One Cole Auto (D. C.) 273 F. 934, United States v. One Essex Auto (D. C.) 276 F. 28, and The Tuscan (D. C.) 276 F. 55, all of which are District Court cases, it was held that title 2, § 26, of the National Prohibition Act, did not repeal so much of section 3450, supra, as had to do with transporting liquor in a vehicle.

On the other hand, the cases of Lewis v. United States, 280 F. 5 (decided by the Circuit Court of Appeals of the Sixth Circuit), United States v. One Haynes Auto, 274 F. 926 (decided by the Circuit Court of Appeals for the Firth Circuit), One Ford Car v. United States, 284 F. 823 (decided by the Court of Appeals for the Eighth Circuit), United States v. One Haynes Auto (D. C.) 268 F. 1003, United States v. One Buick Roadster (D. C.) 280 F. 517, and Reo, etc., & Co. v. Stern (D. C.) 279 F. 422, hold either that section 3450, supra, is not applicable to a case of transporting liquor in an automobile, since the passage of title 2, § 26, supra, or that an implied repeal, to the extent already pointed out, has occurred by reason of the passage of said title 2, § 26.

It is true, that none of these cases considered the effect, if any, of the Willis-Campbell Act (42 Stat. 222) as construed by the Supreme Court in the case of United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. But my own view is that the latter case in no wise affected the correctness of the rulings in the cases last above cited. I have not been able to find anything, either in the Willis-Campbell Act, or in the Stafoff Case, which in any logical sense militates against the conclusions reached by the several Courts of Appeal, or against the views which I am constrained to take here. This is so, not only for the reasons I have tried to point out, but for those I lately announced in the case of Jasper v. Hellmich (D. C.) 4 F.(2d) 852.

It is, I might say in passing, wholly regrettable, that some legislation has not been had in order to remove doubts of construction arising from the maze of irreconcilable statutes and decisions upon these and germane matters. Statutes are called for by the situation which will render it certain beyond cavil or question what the penalties are for violating the National Prohibition Act, and whether the making, selling, removing, transporting, and dealing in liquor are subject to taxes; if so, what taxes and under what circumstances these taxes are to be collected. Upon these questions scarcely two courts in all the Union are agreed, and, the situation considered, agreement is well-nigh impossible, however great may be the mental effort or honest the intention of the many courts called on to unravel the contradictory maze.

The question is not raised, in this case, as to whether a plenary action will lie to condemn as here sought, and, upon the uncontradicted facts of this case, the question mooted is only whether intervener shall recover its mortgage debt out of the proceeds of the sale of this car.

I pass the question, therefore, as to whether libel, as here brought, will lie. I pass it, because it is not raised. I decide only the point specifically before the court, and I am forced, upon that point, to conclude that intervener may recover, though I am not unmindful of the logical result of the reasons to which I have called attention. I am not holding, I may say, in order that I may not be misunderstood, that the effect of title 2, § 26, of the National Prohibition Act is to repeal section 3450, Revised Statutes, in toto. This is so, if for no other reason, because section 3450 provides penalties for the removing of divers goods and commodities upon which taxes are laid by the government. Of course, as to such commodities and such goods, title 2, § 26, could have no power of repeal. Neither am I saying that section 26 has in all cases had the effect to repeal section 3450, as concerns the removal of distilled spirits. There may well be, I can foresee, cases wherein no effect will be had by title 2, § 26, upon section 3450, even as regards a removal of distilled spirits. But those cases are not this case. So far as the facts are here concerned, I have no doubt about the correctness of the views given.

The prayer of intervener will be sustained, and an order or decree may be tendered for entry accordingly.