## UNITED STATES v. ONE REO TRUCK AUTOMOBILE (WILLIAM L. MANTHA CO., Inc., Claimant).

(Circuit Court of Appeals, Second Circuit. November 16, 1925.)

### No. 76.

1. **Intoxicating liquors ⬄250—Proof of removal of taxable whisky held prima facie sufficient, without proof that whisky analyzed came from seized truck.**

In libel to forfeit motor truck under National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), and Rev. St. § 3450 (Comp. St. § 6352), proof that cases transported were marked "whisky," and that their contents smelled and looked like whisky, *held* prima facie sufficient, whether or not whisky analyzed by chemist was properly identified.

2. **Appeal and error ⬄171(3)—Parties assumed to have conceded facts, where case was argued on assumption that they were true.**

Where libel to forfeit motor truck was argued before Circuit Court of Appeals, and apparently below, on assumption that claimant's answer was true, writ of error will be disposed of on assumption that facts are conceded.

3. **Internal revenue ⬄2—Intoxicating liquors ⬄247—Vehicle used in transporting liquors may be forfeited only if offender is convicted. at least as against bona fide lienor; internal revenue law not applicable to case of forfeiture, wherein Prohibition Act requires conviction of offender.**

Under National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), it is essential to forfeiture of vehicle that offender be convicted, when there is bona fide lienor; Rev. St. § 3450 (Comp. St. § 6352), not being applicable in such case in view of Act Nov. 23, 1921, § 5 (Comp. St. Ann. Supp. 1923, § 10138⅘c).

In Error to the District Court of the United States for the Eastern District of New York.

9 F.(2d)—34

Libel by the United States against one Reo truck automobile; the William L. Mantha Company, Incorporated, claimant. Decree of dismissal, and the United States brings error. Affirmed.

The United States filed a libel against one Reo motor truck, and alleged two causes of forfeiture: First, that the truck had been seized transporting 70 cases of whisky without the permit required under title 2 of the National Prohibition Act; second, that three persons, named, with intent to defraud the United States, removed and concealed in the truck 70 cases of whisky upon which a tax was imposed. The first cause of forfeiture was under section 26 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), and the second under section 3450 of the Revised Statutes (Comp. St. § 6352).

Monition was issued, and the claimant appeared and filed an answer, which seems to have been treated as a claim, and which alleged that it had sold the truck and another automobile to one Hirsch, on both of which there remained due $2,072 of the joint purchase price; that for this sum Hirsch had mortgaged both cars to the claimant, and had paid nothing upon the mortgage; that at the time of the sale of both cars the claimant had no knowledge that Hirsch intended to use either car for any unlawful purpose; and that the transportation, removal, or concealment of the whisky was without its knowledge or consent.

Upon the trial it appeared that the persons in charge of the truck had never been convicted under the Volstead Act, and the first cause of forfeiture was therefore dismissed. The case was tried on the second cause of forfeiture to a jury, and at the conclusion of the government's case the court dismissed the libel. It appeared that the truck, in company with two others, was overhauled by prohibition agents in the village of Smithtown, Long Island, while transporting 70 cases of whisky. As the libel was dismissed upon the conclusion of the government's case, the claimant was not called upon to prove the allegations of its answer.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (William A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Herbert G. McLear, of New York City, for defendant in error.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1] The claimant argues that the proof in any event was insufficient, as it did not appear that the bottle of whisky analyzed by the chemist came from the seized truck. It seems to us clear that the bottle was properly identified, but it makes no difference in any event. The evidence shows that the transported cases were marked "Whisky," and that their contents smelled like whisky and had its general appearance. While it may be safer in such cases for the government to show by chemical analysis the character of the beverage, it is by no means essential. The proof was prima facie good.

[2] The claimant did not prove its answer; i. e., that it was a bona fide lienor. However, the case was apparently argued below on the assumption that the facts of the answer were true, and it was certainly so argued before us. We shall dispose of the writ, therefore, on the assumption that the parties concede the facts alleged. If the government is not content with this disposition, we will grant a rehearing.

[3] On the facts so understood the dismissal was correct. The question of law involved is whether Revised Statutes, § 3450, can stand alongside section 26 of title 2 of the National Prohibition Act. Section 5 of the Act of November 23, 1921 (Comp. St. Ann. Supp. 1923, § 10138⅘c), provided that all laws relating to the manufacture and taxation of, and to the traffic in, intoxicating liquors should continue in force unless directly in conflict with the National Prohibition Act, and we shall assume for the sake of argument only that "traffic" includes "transportation," though the contrary was ruled as to "importation" by a divided court in Bruno v. U. S., 289 F. 649 (C. C. A. 1). On this assumption the question is presented whether there is a direct conflict between the two provisions here in question. U. S. v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. Under Revised Statutes, § 3450, the bona fides of the owner or of any lienor is in every case irrelevant. Goldsmith-Grant Co. v. U. S., 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376. Under section 26 of title 2 of the National Prohibition Act, the rights of a bona fide lienor are preserved and forfeiture is allowed only in case the offender is convicted. It directs the court in that event to order a sale of the vehicle and out of the proceeds to pay all bona fide liens.

Now Revised Statutes, § 3450, at least as matter of logic, may still be in force as against the owner and mala fide lienors, but it cannot be in force as against bona fide lienors when the offender has been convicted. That would result in a stark contradiction between the two statutes. Nor is it possible to say that it might be in force against bona fide lienors, when the offender is not convicted. The statute cannot mean different things at different times. If it does not cover such liens when the offender has been convicted, it does not cover them when he has not. It would be preposterous to say that the failure to convict an offender exposed the bona fide lienor to a penalty from which he would be exempt in case of conviction. The offense of the res is the same, and its guilt cannot depend upon the innocence or escape of the human agent whose guilt is imputed to it.

Finally, it is equally impossible to graft upon Revised Statutes, § 3450, the protection to bona fide lienors of section 26 of title 2 of the National Prohibition Act, in cases where the offender is not convicted. The case of Goldsmith-Grant Co. v. U. S., supra, is alone enough to forbid that. Either section 3450 applies without condition, or it does not apply at all. We should have no warrant whatever for assuming that section 26 amended it, by extending to bona fide liens the protection which it gave to cases within its own scope. Therefore we conclude that, when a vehicle is used in transporting liquors, it is essential to its forfeiture, at least when there is a bona fide lienor, that the offender be convicted. At to whether the same is true, if there be no such lien, we say nothing.

In this result we are in harmony with the Circuit Courts of Appeals for the Fifth and Sixth Circuits and the Court of Appeals of the District of Columbia. U. S. v. Garth Motor Co., 4 F.(2d) 528; Commercial Credit Co. v. U. S., 5 F.(2d) 1; U. S. v. Milstone, 55 App. D. C. 356, 6 F.(2d) 481.

Decree affirmed.