UNITED STATES v. ONE CHRYSLER 58 TOURING CAR.

(District Court, M. D. Alabama, N. D., at Montgomery. February 25, 1927.)

Intoxicating liquors ⬤⟹246—Automobile used in transporting whisky, without owner's knowledge, consent, privity, or negligence, may not be forfeited (National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]).

Under National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm), automobile used in illegal transportation of whisky, without knowledge, consent, privity, or negligence of owner, *held* not subject to forfeiture.

At Law. Libel by the United States against one Chrysler 58 touring car, claimed by E. H. Flynn. Libel dismissed.

Grady Reynolds, U. S. Atty., and J. O. Middleton, Asst. U. S. Atty., both of Clanton, Ala.

Sternfeld & Lobman, of Montgomery, Ala., for claimant.

CLAYTON, District Judge. The United States instituted this libel to condemn one Chrysler 58 touring car, motor No. 38269, serial No. W. P. 182 S, license No. A—182—253, 1926. The libelant prays for judgment against the automobile, and E. H. Flynn, the claimant, prays restoration of his automobile and for dismissal of the libel.

The testimony adduced before the court sustains the allegations of claimant's answer, for the oral evidence heard by the court showed that the automobile belongs to the claimant, E. H. Flynn; that it was put in a garage at Montgomery for safe-keeping, and claimant paid for the keep, for a few days, while claimant was absent from Montgomery; that the claimant gave positive instructions to the owner of and to all those having any connection with the garage that the automobile should not be used by any one for any purpose whatever during his absence; that after several days' absence from Montgomery he returned to get his automobile, in order to use it in his business as traveling salesman; and that he then found it had been seized by and was in the possession of the federal prohibition officer. Furthermore, it was established at this trial that B. A. Kilgrow, without the knowledge, consent, or privity of the owner, the claimant, had wrongfully taken the claimant's automobile, driven it to Crenshaw county, and there obtained 20 gallons of moonshine whisky, and was bringing it to Montgomery in the automobile when he and the automobile were apprehended by the prohibition officer within a few miles of Montgomery; that Kilgrow was the occupant and driver of the automobile at the time of its seizure, and, I repeat, the proof is clear that such use of the automobile and the transportation of the liquor therein was without the knowledge, consent, privity, or negligence of the claimant, the owner, E. H. Flynn.

I am called upon to decide in this case whether or not Flynn's automobile, wrongfully taken from the garage where he had left it for safe-keeping (that is to say, taken without his knowledge, consent, privity, or negligence), can be forfeited because the tortfeasor, Kilgrow, unauthorized and wrongly took and used it in the transportation of moonshine whisky, in violation of law.

I have carefully read the opinion in Goldsmith, Jr., v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376; and the opinion by Mr. Justice Brandeis, the concurring opinion by Mr. Justice Stone, and the dissenting opinion by Mr. Justice Butler, concurred in by Mr. Justice McReynolds and Mr. Justice Sutherland, in United States v. One Ford Coupé Automobile, 47 S. Ct. 154, 71 L. Ed. —, decided November 20, 1926. I have also read the opinion of the Circuit Court of Appeals in that case, styled there United States v. Garth Motor Co., 4 F.(2d) 528. It does not seem that the precise question now before me has been passed upon by the Supreme Court.

I am compelled to believe that section 26 of title 2 of the National Prohibition Act (Comp. St. § 10138½mm) was intended by Congress to recognize natural justice, and that it protects the innocent owner of the automobile against the forfeiture of his property, wrongfully taken and used in the transportation of illicit whisky, where such use was clearly without the knowledge, consent, privity, or negligence of the owner. Under the facts of this case, and as I understand the law, section 26 saves the interest of the innocent owner from forfeiture.

Accordingly order is entered, directing that the automobile described in the libel be restored to the owner, and that the libel be dismissed.