**UNITED STATES v. ONE GRAHAM PAIGE SEDAN, LICENSE NO. 4 Y 9412 N. Y. 1929, MOTOR NO. 567609.**

District Court, E. D. New York.

March 4, 1930.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (J. Bertram Wegman, of New York City, of counsel), for the United States.

Harold L. Turk, of Brooklyn, N. Y., for claimant.

GALSTON, District Judge.

Forfeiture is sought of an automobile under Revised Statutes § 3450 (26 USCA §§ 1181, 1182), on the ground that it was used for the deposit and concealment of twenty-five gallons of grain alcohol containing 90.90 per cent. of absolute alcohol by volume and fit for use for beverage purposes, the tax on which, imposed by section 900 of the Revenue Act of 1926 (26 USCA § 245), had not been paid. It is further alleged that the deposit and concealment were with the intent to defraud the United States government of such tax.

Concerning the facts there is no dispute. On October 17, 1929, a police officer of the city of New York saw an automobile speed past him despite his warning to stop. He overtook the vehicle, arrested the driver, De Rosa, and at the police station found in the vehicle the alcohol in question. Thereupon the officer arrested the driver again and brought him to a United States commissioner and charged him with transportation and possession of alcohol, and seized the automobile.

As to what happened after that charge was made the record is barren, except that this proceeding was brought by the United States government for the forfeiture of the automobile.

Now it is contended by the claimant, the owner of the automobile, that the libel should be dismissed because the government has mistaken its remedy. The claimant argues that all questions relating to the seizure of the automobile, as an incident of the arrest of De Rosa and the charge against him un-

der the National Prohibition Act, must be determined, not by the Revenue Act, but by the National Prohibition Act.

There have been many cases in which the question of whether the government may disregard section 26, tit. 2, of the National Prohibition Act (27 USCA § 40) and proceed under section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182) has arisen.

In these cases varying facts appeared which doubtless have given rise to the decisions which hold that such election under certain conditions is permissible to the government. Gradually there has been an approach to the precise question indicated in the case at bar. Nearest of these is a case in our own circuit, Commercial Credit Corporation v. United States, 18 F.(2d) 927, 930, in which it was said: "When persons in charge of a vehicle used for the illegal transportation of liquor have been arrested and prosecuted by the government for violation of the Prohibition Act, section 26 plainly directs that the proceedings shall be carried through to a forfeiture of the vehicle under the terms of that section, which saves the rights of innocent owners and lienors. It is settled that, after the conviction of such persons, forfeiture under section 3450 is forbidden. To say it is permitted during the pendency of the prosecution and up to the moment of conviction would be most inequitable to innocent owners and lienors, and would put a premium upon dilatory prosecution in order that forfeiture of the vehicle might be secured before conviction of the offending persons. We do not find in the Supreme Court decisions anything which compels us to take this view."

Thus it is clearly held:

1. When persons in charge of vehicles used for the illegal transportation of liquor have been arrested and prosecuted under the Prohibition Act, section 26, tit. 2 (27 USCA § 40), directs that the proceeding shall be carried through to a forfeiture under the terms of that section, thus saving the rights of innocent owners and lienors.

2. After the conviction of such persons, forfeiture under section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182) is forbidden.

3. It would be inequitable to innocent owners and lienors during the pendency of the prosecution and up to the moment of

conviction to permit forfeiture under section 3450.

In the case before this court, the driver of the vehicle was arrested and charged with illegal transportation of liquor under the Prohibition Act, as stated above. Was this person "prosecuted" within the meaning of the act? The act says: "Such officer shall at once proceed against the person arrested under the provisions of this chapter in any court having competent jurisdiction."

To the extent that the person arrested was charged with the crime before the United States commissioner, the prosecution of such person was at least begun.

By going so far it must follow that the government made its election to assert its rights under section 26, tit. 2, of the National Prohibition Act (27 USCA § 40). Indeed, though the record is silent as to what disposition was made of the charge, let us assume that De Rosa was convicted. Then obviously forfeiture under section 3450 would be forbidden. If, on the other hand, we assume either that the commissioner discharged De Rosa or that he was found innocent, then the same result would follow, for as was said by our Circuit Court of Appeals in United States v. One Reo Truck Automobile, 9 F.(2d) 529, 530: "It would be preposterous to say that the failure to convict an offender exposed the bona fide lienor to a penalty from which he would be exempt in case of conviction. The offense of the res is the same, and its guilt cannot depend upon the innocence or escape of the human agent whose guilt is imputed to it."

In other words, this case is quite unlike United States v. Chevrolet Truck (D. C.) 30 F.(2d) 830. In that case only the things themselves, the automobile and the liquor, were seized. The officers failed to arrest the driver, and in consequence no proceeding under the National Prohibition Act was ever initiated.

In this case the government did make its election. The provisions of section 26 as interpreted in Commercial Credit Corporation v. United States, cited above, thereupon become mandatory upon the government, and it should have proceeded to effect forfeiture, not under the Revenue Act, but under the National Prohibition Act.

Accordingly the libel is dismissed.